S. FEY EPLING (SBN #190025)
fey.epling@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendant
THE VANGUARD GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MAUREEN DWYER SWINDEN, TRUSTEE OF THE THOMAS R. DWYER TRUST,

Plaintiff,

v.

THE VANGUARD GROUP, INC.,

Defendant.

Case No. C 09-03816 SI

**MOTION TO DISMISS OF DEFENDANT THE VANGUARD GROUP, INC.; BRIEF IN SUPPORT OF MOTION**

Date: October 2, 2009
Time: 9:00 a.m.
Dept: Courtroom 10, 19th Floor
Judge: Hon. Susan Illston

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

III. LEGAL STANDARD ........ 3

IV. ARGUMENT ........ 4

A. Vanguard Had No Contractual Obligation To Obtain The Approval Of Both Co-Trustees Before Authorizing A Wire Transfer. ........ 4

B. Plaintiff's Tort Claims Fail Because Vanguard Has No Duty To Stop An Authorized Withdrawal From The Trust By A Co-Trustee. ........ 6

C. Without The Consent Of Her Co-Trustee, Plaintiff Lacks Authority To Assert Claims On Behalf Of The Trust. ........ 8

V. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .......... 4

*Associated Gen. Contractors, Inc. v. Carpenters*, 459 U.S. 519 (1983) .......... 9

*Ayala v. World Sav. Bank, FSB*, 616 F. Supp. 2d 1007 (C.D. Cal. 2009) .......... 5

*Baron v. Arizona*, 270 Fed. Appx. 706 (9th Cir. 2008) .......... 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 3, 4

*Bukofski v. USAA Cas. Ins. Co.*, No. 08-1779, 2009 U.S. Dist. LEXIS 48128 (M.D. Pa. June 9, 2009) .......... 8

*Conley v. Gibson*, 355 U.S. 41 (1957) .......... 3, 4

*Erlich v. Menezes*, 21 Cal. 4th 543 (1999) .......... 7

*eToll, Inc. v. Elias/Savion Adver.*, 811 A.2d 10 (Pa. Super. Ct. 2002) .......... 8

*Inlandboatmens Union of the Pac. v. Dutra Group*, 279 F.3d 1075 (9th Cir. 2002) .......... 4

*Intervest Mortg. Inv. Co. v. Jones-Skidmore*, No. 08-1543, 2008 U.S. Dist. LEXIS 101979 (E.D. Cal. Nov. 24, 2008) .......... 6

*Kim v. Sumitomo Bank of Cal.*, 17 Cal. App. 4th 974 (1993) .......... 7

*Mills v. Vista Pools, Inc.*, 184 Cal. App. 2d 668 (1960) .......... 6

*Phleger v. Countrywide Home Loans, Inc.*, No. 07-1686, 2009 U.S. Dist. LEXIS 17419 (N.D. Cal. Mar. 3, 2009) .......... 6

*Pillsbury v. Karmgard*, 22 Cal. App. 4th 743 (1994) .......... 8

*Rejects Skate Magazine, Inc. v. Acutrack, Inc.*, No. 06-2590, 2006 U.S. Dist. LEXIS 63157 (N.D. Cal. Aug. 22, 2006) .......... 7

*Richelle L. v. Roman Catholic Archbishop*, 106 Cal. App. 4th 257 (2003) .......... 7

*Saks v. Damon Raike & Co.*, 7 Cal. App. 4th 419 (1992)........ 9

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, No. 07-554, 2007 U.S. Dist. LEXIS 56032 (N.D. Cal. July 23, 2007)........ 7

*Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Group*, 143 Cal. App. 4th 1036 (2006)........ 7

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136 (9th Cir. 2003)........ 5

*Wolf v. Mitchell*, 76 Cal. App. 4th 1030 (1999)........ 9

**STATUTES, RULES & REGULATIONS**

California Civil Code, § 1639........ 6

California Code of Civil Procedure, § 338........ 6

California Code of Civil Procedure, § 338(d)........ 6

California Probate Code, 15620........ 8

Federal Rules of Civil Procedure, Rule 12(b)(6)........ 1, 3

**OTHER AUTHORITIES**

George G. Bogert, The Law of Trusts and Trustees (2d ed. 1980)........ 8, 9

TO PLAINTIFF MAUREEN DWYER SWINDEN AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on October 2, 2009 at 9:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Susan Illston, in Courtroom 10, 19th Floor, of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA, 94102, Defendant The Vanguard Group, Inc. ("Vanguard") will and hereby does move to dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Vanguard brings this motion to dismiss on the grounds that Plaintiff's breach of contract claim (her First Cause of Action) must be dismissed because the contractual obligation she seeks to enforce is not required by the parties' agreement. Plaintiff's tort claims (her Second, Third and Fourth Causes of Actions) must be dismissed because they merely restate her contract claim, and Plaintiff fails to allege that Vanguard owes her any duties beyond those set forth in the parties' agreement. Alternatively, Plaintiff's Complaint must be dismissed because Plaintiff does not have standing to bring claims on behalf of a trust against an innocent third-party without her co-trustee's consent.

This motion is based upon this Notice of Motion and Motion, including the Memorandum of Points and Authorities, all matters with respect to which the Court may take judicial notice, all papers and pleadings on file or deemed to be on file herein, and such other documents, arguments and evidentiary matters as may be presented at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiff Maureen Dwyer Swinden seeks to hold defendant The Vanguard Group, Inc. ("Vanguard") responsible for transactions in a trust account over a two-day period by her sister, a co-trustee of the trust. In the most conclusory fashion, she alleges that Vanguard's wire transfer of funds to her co-trustee sister constituted a breach of contract, a breach of fiduciary duty,

negligence and "mistake". Plaintiff's efforts to shift the blame for her co-trustee sister's acts, or for her own breach of her duties to the Thomas R. Dwyer Trust ("Trust") in failing to prevent the withdrawals in question, must be rejected for three fundamental reasons.

First, as far as Vanguard was aware, the co-trustee was authorized to request the transactions at issue here. Nothing in the agreement between the Trust and Vanguard prohibited Vanguard from honoring the transaction requests of Plaintiff's sister. Indeed, Plaintiff's breach of contract allegations are directly contradicted by the documents that she references in, and attaches to, her Complaint. The breach of contract claim therefore fails as a matter of law.

Second, recognizing that her contractual theory falls short, Plaintiff improperly recasts her claim in tort. But Plaintiff does not allege that Vanguard owes her any fiduciary or other extra-contractual duties, and allowing her tort claims to proceed would violate the long-standing rule that a plaintiff may not recover in tort for the breach of duties that merely restate contractual obligations. Accordingly, Plaintiff's breach of fiduciary duty, negligence and mistake causes of action are fatally flawed.

Third, all of Plaintiff's claims are barred because she lacks the requisite authority as a co-trustee to assert them on behalf of the Trust. Absent the consent of her co-trustee sister (and no such consent is alleged), Plaintiff has no standing to bring any of the claims set forth in the Complaint.

For all of these reasons, addressed in detail below, Plaintiff's attempt to drag Vanguard into what is obviously a family squabble fails as a matter of law, and the Complaint should be dismissed with prejudice.

## II.

## BACKGROUND

Plaintiff Maureen Dwyer Swinden and her sister, Sally D. Slichter, are co-trustees of the Trust. (Compl. ¶ 1.) In October 2000, Ms. Swinden and Ms. Slichter (collectively the "Co-Trustees") opened an account for the Trust with Vanguard. (*Id*. ¶¶ 3-4.) Plaintiff attaches "portions" of the Trust's agreement with Vanguard to the Complaint. (*Id*. ¶ 3.) While Plaintiff alleges that these documents require the approval of both Co-Trustees for all withdrawals or wire

redemptions, the "Vanguard Wire Redemption Service" agreement merely provides that "this service allows you to request a redemption by telephone and have the proceeds wired to your bank." (*Id.*, attach. at 7.) It does ***not*** state that two "signatures" or the approval of both Co-Trustees is required for a wire transfer. (*Id.*)

Plaintiffs alleges that on July 5 and 6, 2006, "$190,655 was transferred ***by wire*** to the account of Sally D. Slichter." (*Id.* ¶ 6 (emphasis added).)[1] Plaintiff complains that she did not approve of these July 2006 transfers and that Ms. Slichter, her co-trustee and sister, refuses to return the $190,655 to the Trust. (*Id.* ¶ 6.)

On or about July 2, 2009, nearly three years after the funds were allegedly transferred, Plaintiff filed this action in the Superior Court of California for Contra Costa County. Inexplicably, she names Vanguard – rather than her Co-Trustee sister who requested the transactions and allegedly appropriated the funds to her personal account – as the defendant. On August 19, 2009, Vanguard removed the action to this Court, on diversity grounds.

**III.**

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Two recent decisions of the United States Supreme Court create a new pleading paradigm in federal courts. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court rejected the standard announced in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that a motion to dismiss should only be granted when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 562-63. Instead, the Court held that a complaint's

[1] The March 18, 2008 letter that Plaintiff attaches to her Complaint demonstrates that all transfers from the Trust's account on July 5 and 6, 2006 were made by electronic transfer. (*Id.*, attach. at 10.) As will be discussed, whether the transfers were made by wire or electronic transfer is immaterial to the resolution of this Motion as only the "Vanguard Checkwriting Application" contains a requirement that two signatures are required for any particular type of fund transaction, and that requirement applies to checkwriting redemptions, not wire or electronic bank transfers. (*Id.*, attach. at 9.)

factual allegations "must be enough to raise a right to relief above the speculative level," such that relief is plausible, not merely conceivable. *Id*. at 555, 570. Under *Twombly*, more is required from a plaintiff's allegations than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

Subsequently, in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Court confirmed that *Twombly* recognized a "plausibility requirement," under which "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible on its face*.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570) (emphasis added). "Threadbare recitals of the elements of a cause of action," "bare assertions," and "conclusory statements" need not be considered when ruling on a motion to dismiss. *Id*. at 1950-51. Rather, a court must examine the *factual* allegations to determine whether the complaint states a *plausible* claim for relief. *Id.* at 1951. In the absence of such allegations or a plausible claim, the complaint must be dismissed. *Id.* at 1954 ("Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss.").

## IV.

## ARGUMENT

### A. Vanguard Had No Contractual Obligation To Obtain The Approval Of Both Co-Trustees Before Authorizing A Wire Transfer.

Plaintiff's breach of contract cause of action fails because the contractual obligation she seeks to enforce is not contained in the alleged agreement between the Trust and Vanguard. Plaintiff contends that the agreement, "as reflected in the attached documents," required Vanguard to seek her approval before allowing a wire redemption by her Co-Trustee. (Compl. ¶ 5.) This contention is belied by the very documents she references.

When ruling on a motion to dismiss, a court may consider documents outside of the complaint if their authenticity is undisputed and the complaint specifically refers to the document or it forms the basis of the plaintiff's claim. *Inlandboatmens Union of the Pac. v. Dutra Group*, 279 F.3d 1075, 1083 (9th Cir. 2002). When the allegations of the complaint are contradicted by

the documents attached to the complaint, the court may rely on those documents in granting the motion to dismiss. *Ayala v. World Sav. Bank, FSB*, 616 F. Supp. 2d 1007, 1015 (C.D. Cal. 2009); *see Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."). Thus, for example, the Ninth Circuit affirmed the dismissal of a breach of contract claim, despite an employee's allegation that she was required to receive an evaluation before termination, because the language of the employment agreement upon which she relied stated otherwise. *See Baron v. Arizona*, 270 Fed. Appx. 706, 709 (9th Cir. 2008).

Here, the contractual documents that Plaintiff attached to her Complaint consist of a "New Account Application for Nonresident Accounts", a "Vanguard Wire Redemption Service" form, and a "Vanguard Checkwriting Application." The wire redemption service "allows [the account holder] to request a redemption by telephone and have the proceeds wired to your bank." (Compl., attach. at 7.) From the face of the document, it appears that the Co-Trustees elected to take advantage of this service on or about January 15, 2001, approximately three months after they established the trust account. (*Id.*) Neither the New Account Application nor the Wire Redemption Service form imposes any requirement that *both* Co-Trustees approve a wire transfer (*id.*, attach. at 1-7), and Plaintiff does not identify any provision in either document creating such a requirement.

More than four years later, on or about August 29, 2005, the Co-Trustees elected to apply for checkwriting privileges by submitting the Vanguard Checkwriting Application. As part of this separate application, the Co-Trustees had the option, which they selected, of requiring two signatures on checks. (*Id.*, attach. at 9.) Nothing in the Vanguard Checkwriting Application, however, states that the two-signature requirement applies to wire or electronic transfers. Rather, the document makes clear that the requirement pertains only to "checks" drawn on the Vanguard account. (*Id.* ("Number of signatures required on ***checks***."))

Thus, if a redemption from the Trust's Vanguard account is made by writing a ***check***, two signatures – one from Plaintiff and one from Ms. Slichter – are required. But if a redemption is made by ***wire transfer***, two signatures or the approval of both Co-Trustees is ***not*** required. As

alleged in the Complaint, the $190,655 at issue in this action was transferred by ***wire***, so multiple signatures or approvals were ***not*** required. (Compl. ¶ 6.) This Court should reject Plaintiff's invitation to insert contractual terms that are not part of the parties' agreement. Cal. Civ. Code § 1639 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible."); *Mills v. Vista Pools, Inc.*, 184 Cal. App. 2d 668, 673 (1960) ([Trial court cannot] "rewrite or provide new terms for contract which is plain and unambiguous on its face.").

Because the documents attached to the Complaint demonstrate that Vanguard did not violate any term of the alleged agreement with the Trust, Plaintiff's breach of contract claim must be dismissed as a matter of law.

**B. <u>Plaintiff's Tort Claims Fail Because Vanguard Has No Duty To Stop An Authorized Withdrawal From The Trust By A Co-Trustee.</u>**

For her remaining three causes of action, Plaintiff tries to recast her breach of contract claim in tort, asserting claims for breach of fiduciary duty, negligence and "mistake".[2] Each of these claims must also fail, however, because Vanguard acted in accordance with its contractual obligations and had no independent duty to stop a withdrawal by Plaintiff's co-trustee.

To bring her tort claims, Plaintiff must allege that Vanguard owed her or the Trust a fiduciary duty or some other duty of care beyond its contractual obligations. *See, e.g.*, *Intervest Mortg. Inv. Co. v. Jones-Skidmore*, No. 08-1543, 2008 U.S. Dist. LEXIS 101979, at *7 (E.D. Cal. Nov. 24, 2008) ("The threshold element of a cause of action for negligence is the existence of a

---

[2] Plaintiff's claim for "mistake" is purportedly brought under California Code of Civil Procedure Section 338. (Compl. ¶ 9.) Section 338, however, provides a statute of limitations for a claim brought "on the ground of fraud or mistake" and does not create a substantive claim. Cal. Code Civ. Proc. § 338(d). Mistake is typically a contract-based cause of action for rescission, and it has no applicability to the facts alleged in the complaint. *See, e.g., Phleger v. Countrywide Home Loans, Inc.*, No. 07-1686, 2009 U.S. Dist. LEXIS 17419, at *52-53 (N.D. Cal. Mar. 3, 2009) (setting forth elements of cause of action for unilateral mistake). In particular, Plaintiff does not identify any factual grounds for rescinding any of the Trust's agreements with Vanguard. Accordingly, Vanguard assumes this claim is redundant of Plaintiff's negligence claim, and its arguments for dismissal of the negligence claim apply equally to the cause of action that she has labeled "mistake".

duty to use due care."); *Kim v. Sumitomo Bank of Cal.*, 17 Cal. App. 4th 974, 979 (1993) (to state fiduciary duty claim against financial institution, plaintiff must allege that institution exercised complete control over his or her finances, such that institution dominated plaintiff to the extent that plaintiff lost his or her separate identity, or that institution became plaintiff's alter ego); *see generally Richelle L. v. Roman Catholic Archbishop*, 106 Cal. App. 4th 257, 271 (2003) ("[A] fiduciary relationship is a recognized legal relationship such as guardian and ward, trustee and beneficiary, principal and agent, or attorney and client …. The essence of a fiduciary or confidential relationship is that the parties do not deal on equal terms, because the person in whom trust and confidence is reposed and who accepts that trust and confidence is in a superior position to exert unique influence over the dependent party.") (citations and internal quotation marks omitted). The Complaint, however, is devoid of any factual allegations giving rise to the imposition of such a duty on Vanguard. Instead, Plaintiff states only that the "foregoing facts" constitute negligence, breach of fiduciary duty and mistake. (Compl. ¶¶ 7-10.) And the "foregoing facts" to which she refers address only duties allegedly imposed by a contract between Vanguard and the Trust. (*Id.* ¶¶ 3-6.)

A plaintiff may not recover in tort where, as here, the defendant allegedly breached duties that are nothing more than contractual promises. *Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Group*, 143 Cal. App. 4th 1036, 1041-1042 (2006). As explained by the California Supreme Court in *Erlich v. Menezes*, 21 Cal. 4th 543 (1999), "[i]f every negligent breach of a contract gives rise to tort damages" the distinction between tort and contract remedies would be "meaningless." *Id*. at 554. For similar reasons, this Court has dismissed both breach of fiduciary duty and negligence claims that merely restate breach of contract claims. *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, No. 07-554, 2007 U.S. Dist. LEXIS 56032, at *25 (N.D. Cal. July 23, 2007) (dismissing fiduciary duty claim because "mere contractual relationships, without more, do not give rise to fiduciary relationships"); *Rejects Skate Magazine, Inc. v. Acutrack, Inc.*, No. 06-2590, 2006 U.S. Dist. LEXIS 63157, at *15 (N.D. Cal. Aug. 22, 2006) (dismissing

negligence claim because "Plaintiffs' negligence claim merely restates its breach of contract claim.").[3]

Absent factual grounds for imposing a fiduciary duty or other duty of care on Vanguard, Plaintiff's tort claims are not cognizable.

**C. <u>Without The Consent Of Her Co-Trustee, Plaintiff Lacks Authority To Assert Claims On Behalf Of The Trust.</u>**

All of Plaintiffs' claims fail for an additional, independent reason: she does not allege that this action was filed with the authorization of her Co-Trustee sister. In the Complaint, Plaintiff purports to assert her claims on behalf of the Trust and demands that Vanguard pay damages to the Trust in the full amount of the withdrawn funds. (Compl. ¶¶ 7-8, 10-11.) As a co-trustee, however, Plaintiff may not bring litigation on behalf of the Trust unless all co-trustees consent. She has not alleged that she received any such consent from her sister, and her sister is not named as a co-plaintiff in the Complaint.

As a general rule, only trustees have standing to bring a lawsuit against a third-party for damage to the trust. *Pillsbury v. Karmgard*, 22 Cal. App. 4th 743, 753-54 (1994) ("Thus, absent special circumstances, an action prosecuted for the benefit of a trust estate by a person other than the trustee is not brought in the name of a real party in interest and is demurrable."). But co-trustees hold their powers as a group, so their authority can be exercised only by the action of *all* trustees. George G. Bogert, The Law of Trusts and Trustees § 554 at n. 67 (2d ed. 1980) [hereinafter "Bogert"]; Cal. Prob. Code § 15620 ("Unless otherwise provided in the trust instrument, a power vested in two or more trustees may only be exercised by their unanimous

---

[3] For the purposes of this motion, Vanguard assumes California law applies. Vanguard does not waive its right to argue that another state's law applies if this action were to proceed and documents produced during discovery or other developments in the case demonstrate that the laws of a different state govern. In any event, the result would be the same if, for example, the law of Pennsylvania (Vanguard's state of incorporation and principal place of business) were to apply. *See, e.g.. eToll, Inc. v. Elias/Savion Adver.*, 811 A.2d 10, 14 (Pa. Super. Ct. 2002) ("[The "gist of the action"] doctrine precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims."); *Bukofski v. USAA Cas. Ins. Co.*, No. 08-1779, 2009 U.S. Dist. LEXIS 48128, at *17 (M.D. Pa. June 9, 2009) ("[W] here the parties' relationship is covered by a contract, a separate tort action in negligence is barred by the 'gist of the action doctrine.'").

action.") One of the powers that must be exercised by unanimous consent of co-trustees is the authority to bring a lawsuit. Bogert § 554 at n. 80. The only exception to this rule applies in cases where (a) a trustee breaches a duty to the trust *and* (b) a third-party actively participates in or benefits from this breach. In such cases, a *beneficiary* of the trust has standing to pursue such a claim directly against the trustee and/or the third-party. *Saks v. Damon Raike & Co*., 7 Cal. App. 4th 419, 428 (1992); *see Wolf v. Mitchell*, 76 Cal. App. 4th 1030, 1041 n.8 (1999).

Plaintiff's claims in this action are governed by the general rule requiring consent of all co-trustees. While Plaintiff hints at misappropriation by her Co-Trustee sister, she does not allege that her sister breached any fiduciary duties to the Trust. Instead, she merely asserts that her sister made a withdrawal without her approval. Moreover, even if Plaintiff had alleged that her sister breached a duty to the Trust, she does not allege that Vanguard actively participated in this breach or benefited from any of the actions described in the Complaint. To the contrary, it is Plaintiff's sister and co-trustee who allegedly holds the Trust's money and refuses to repay it. (Compl. ¶ 6.)

Thus, to assert claims in this action on behalf of the Trust, Plaintiff was first required to obtain her co-trustee's consent. Plaintiff, however, does not allege that she has Ms. Slichter's approval to bring this action, and her barebones allegations are insufficient to relieve her of that duty. *See Associated Gen. Contractors, Inc. v. Carpenters*, 459 U.S. 519, 526 (1983) ("It is not … proper to assume that [plaintiffs] can prove facts that [they have] not alleged."). As a result, Plaintiff lacks the authority to proceed with her claims, and the Complaint should be dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**V.**

**CONCLUSION**

For all of the foregoing reasons, Vanguard respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

Dated: August 26, 2009

DRINKER BIDDLE & REATH LLP

By: /s/ S. Fey Epling
S. Fey Epling

Attorneys for Defendant
THE VANGUARD GROUP, INC.