LAWRENCE ALIOTO
California State Bar No. 38931
582 Market St., Ste. 607
San Francisco, CA 94104
Telephone: (415) 399-0533
Fax: (415) 399-9868
Email: larralioto@yahoo.com

Attorney for Plaintiff
Maureen Dwyer Swinden,
Trustee of the Thomas R. Dwyer Trust

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAUREEN DWYER SWINDEN, TRUSTEE OF THE THOMAS R. DWYER TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> THE VANGUARD GROUP, INC., <br><br> Defendant. | Case No. C 09-03816 <br><br> **OPPOSITION TO MOTION TO DISMISS** <br><br> Date: Friday October 9, 2009 <br> Time: 9:00 a.m. <br> Dept: Courtroom 10, 19th Fl. <br> Honorable Susan Illston |

1

**TABLE OF CONTENTS**

2

PAGE

3

I.    Introduction. ............................................. 1

II.   Reserved. ................................................. 1

4

III.  Legal Standards. .......................................... 1

5

IV.   Argument. ................................................. 4

6

  A.    The Vanguard Wire Redemption Service Document is Reasonably
Susceptible of the Interpretation That Consent of Both Trustees

7

is Required for Wire Transfers or Electronic Bank Trans fers. .. 4

  B.    The Complaint Alleges a Breach of Fiduciary Duty.  This

8

Takes the Case at Bar Out of the Rule of Erlich v. Menzes 21
Cal.4th 543, 554 (1999). ...................................... 8

9

  C.    Sally's Consent is Not Necessary to Maintenance of this

10

Case. ......................................................... 9

V.    Conclusion. .............................................. 10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**TABLE OF AUTHORITIES**

3
**Cases**

4 Aas v. Superior Court (2000) 24 Cal.4th 627, 643 .................. 9

Bell Atlantic Corp. v. Twombly 550 U.S. 544 (2007) .............. 1

5 Bullis v. Security Pacific National Bank 21 C.3d 801 (1978) ..... 7

6 Conley v. Gibson 355 U.S. 41, 45-46 ............................ 1

Coxe v. Kreibel 185 A.770 (S. Ct. of Pa. 1935) .............. 7, 9

7 Erlich v. Menzes 21 Cal.4th 543, 554 (1999) ................... 8, 9

8 Godfrey, et al. v. Ziemak 1932 WL 3922 (Pa. Com. Pl.) .......... 7

9 Inlandboatsman Union of the Pac. V. Dutra Group 279 F.3d 1075,
   1083 (9th Cir. 2009) ........................................ 2

10 La Count v. Hensel 79 C.A.3rd 754, 777 ....................... 7

11 Stanton v. Preis (1956) 138 CA2d 104 ........................ 10

12 Tree v. Continental Illinois Nat. Bank & Trust Co. 105 NE2d 324 10

Twomey v. Mitchum Jones & Templeton (1968) 262 C.A.2d 690, 709 .. 8

13 Wolf v. Mitchell, Silberberg & Krupp (1999) 76 C.A.4th 1030..... 10

14 **Other Authorities**
Bank's Liability for Payment or Withdrawal on Less than
15   Required Number of Signatures 7 ALR 4th 655 ................... 8

16 **Statutes**
17 California Probate Code §15620 .............................. 10

Civil Code 1636 ............................................ 5

18 Civil Code 1638 ............................................ 5

19 Civil Code 1642 ............................................ 4

20 **Treatises**
21 Scott on Trusts, §321.2 - Payment to One of Several Trustees .... 8

Witkin, Summary of California Law, Ninth Edition,
22   Contracts, ¶392 .......................................... 7

23 Wright & Miller, Federal Practice and Procedure, ¶1363 ......... 2

Wright & Miller, supra, at §1537 ............................ 3

24
25
26
27
28

May it please the court,

I.    Introduction.

In this brief plaintiff will address the arguments of defendant in the same order in which they are presented by defendant.

II.   Reserved.

III.  Legal Standards.

It is quite true that the Supreme Court in Bell Atlantic Corp. v. Twombly 550 U.S. 544 (2007) retired the standard formulated by Justice Black in Conley v. Gibson 355 U.S. 41, 45-46, and plaintiff must now show a plausible claim for relief. As more fully appears below, plaintiff has done so. However, it deserves mention that in Twombly the motion to dismiss was the last stopping point before a years-long journey of discovery; hundreds of deposition witnesses, thousands of documents, needed to be pursued in search of proof of a Sherman 1 conspiracy alleged to have lasted seven years. Our case is much more modest. We need only to know what happened by the minute from the time Sally D. Slichter Jones sat down at her computer or picked up her telephone on July 5, 2006 until $30,000 was credited to her personal bank account on the same day, and exactly what happened the next day, July 6, 2006, in two separate transactions, as $60,658 and $100,000 were transferred from the corpus of the Thomas R. Dwyer Trust, which corpus was in the custody, possession, and exclusive control of defendant The Vanguard Group, Inc., to Sally's account at USAA Federal Savings Bank. (Please see the March 18, 2008 letter from Vanguard to plaintiff Maureen Swinden, which letter is attached as the last exhibit to the

complaint.)  Who had to give approval at Vanguard?  Who pushed the "O.K." button?  Was there more than one "O.K." button to be pushed, so that separate minds might consider Sally's request?  Probably if the president of Vanguard wanted a detailed account of what happened here on July 5 and 6, 2006, a short thorough report would be on his desk in a matter of hours.  Certainly our adversary discovery process will take longer than that, but it is no lengthy voyage such as that contemplated in <u>Twombly</u>.

On a motion to dismiss, the court should consider documents attached to the complaint as a part of the complaint.  <u>Inlandboatsman Union of the Pac. V. Dutra Group</u> 279 F.3d 1075, 1083 (9th Cir. 2009).  On a motion to dismiss factual allegations must be taken as true.  Wright & Miller, <u>Federal Practice and Procedure</u>, ¶1363, p. 113.  For example, the complaint alleges that defendant The Vanguard Group, Inc., is an investment management company registered with the Securities and Exchange Commission.  This must be accepted as a fact on the present motion.  The complaint alleges that Sally refused to repay to the Trust the money she obtained on July 5 and 6, 2006.  This must be taken as true.  On a motion to dismiss, all reasonable inferences are drawn in favor of plaintiff.  Wright & Miller, <u>supra</u>, at §1363, p. 113.  Thus, for example, when the complaint alleges that Sally refuses to repay the $190,655 to the trust, the court should make the reasonable inference that a demand, oral or written, was made upon Sally to return the $190,655 to the trust.

Should the court grant the motion to dismiss, plaintiff should be granted leave to amend the complaint if the court is of

the opinion that plaintiff can plead a valid cause of action. Wright & Miller, supra, at §1537, p. 739.

Another procedural issue should be addressed at this point. The first document attached to the complaint is a Vanguard form entitled "New Account Application for Nonretirement Accounts." The court will notice that portions of the document are completely illegible. For example, paragraph 10, entitled "Signatures of All Account Owners," is quite illegible. Not a word following "Signatures of All Account Owners" can be made out. The same is true of the language following paragraph 10.A's heading. Since the New Account Application For Nonretirement Accounts is a Vanguard form, Vanguard must have many copies of the form itself on hand. Perhaps it even has a legible copy of the New Account Application For Nonretirement Accounts filled in by the trustees. The point is that defendant Vanguard must submit legible copies of that form to the court and to plaintiff before submission of the present motion. Since plaintiff, Swinden, alleges that the New Account Application For Nonretirement Accounts is one of a series of documents which together constitute a written agreement between Vanguard and the Thomas R. Dwyer Trust, and since defendant Vanguard is asking the court to interpret that very document on the present motion, legible copies should be provided.

In the complaint in this case plaintiff alleged that only "portions" of the agreement between the parties were attached to the complaint and suggested that other parts of that agreement were not in plaintiff's possession (Complaint, para. 3). In paragraph 10.B. of the New Account Application For Nonretirement Accounts, reference is made to the "enclosed Securities Account

Agreement." Plaintiff does not have this document. Although a Rule 34 Request for the Securities Account Agreement between the trust and Vanguard, as well as for a legible copy of the New Account Application For Nonretirement Accounts, was made by plaintiff to defendant on September 17, 2009, the timing of the Rule will not permit production prior to argument scheduled for October 9, 2009. Certainly defendant should produce the Securities Account Agreement and a legible copy of the New Account Application For Nonretirement Accounts to the court and to plaintiff without delay. Plaintiff's attempts to obtain informally these materials have been unsuccessful.

IV.  <u>Argument</u>.

A.  <u>The Vanguard Wire Redemption Service Document is Reasonably Susceptible of the Interpretation That Consent of Both Trustees is Required for Wire Transfers or Electronic Bank Transfers</u>.

Title III of the California Civil Code contains a series of statutes dealing with the interpretation of contracts. One of these is Civil Code 1642, which provides: "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." So in our case the New Account Application For Nonretirement Accounts (5 pp., attached to the complaint), the document entitled Vanguard Wire Redemption Service (1 page, attached to the complaint), and the Vanguard Checkwriting Application (2 pages, attached to the complaint), should be read together as we attempt to ascertain the intent of the parties with respect to whether the consent of both trustees was required for

wire transfers or electronic bank transfers of funds or whether the consent of a single trustee was sufficient. It is the intent of the parties, as expressed by the language they used, which governs their rights and duties arising from a written agreement (CC 1636, 1638).

Focusing on the Vanguard Wire Redemption Service Document, we first ask whom or what the words "you" and "your" appearing in the document refer to. In plaintiff's opinion they refer to the Thomas R. Dwyer Trust. There are at least three reasons for this. The first is that the New Account Application For Nonretirement Accounts identifies the Thomas R. Dwyer Trust as the account owner. Please see section C of the first page of the New Account Application For Nonretirement Accounts. The second is that the employer identification number of the Thomas R. Dwyer Trust, 94-650-9399, appears on the face of the Vanguard Wire Redemption Service as "account owner." The third is that the Vanguard Wire Redemption Service document identifies both Sally D. Slichter Jones and Maureen D. Swinden as trustees. Even defendant substitutes "the account holder" for "you" in Vanguard Wire Redemption Service document on the present motion (Motion to Dismiss, p. 5, lines 11 and 12).

For similar reason the "you" or "your" on the Vanguard Wire Redemption Service document does not refer to Sally D. Slichter Jones as an individual. There are no check marks on the New Account Application For Nonretirement Accounts under "Individual or Joint Accounts." Nor do "you" and "your" on the Vanguard Wire Redemption Service document refer to Sally D. Slichter Jones as trustee, to the exclusion of co-trustee Maureen D. Swinden.

OPPOSITION TO MOTION TO DISMISS

Maureen D. Swinden's name is listed on the Vanguard Wire Redemption Service document as co-trustee.

We conclude that "you" and "your" on the Vanguard Wire Redemption Service document refers to the Thomas R. Dwyer Trust. That Trust, of course, can act only through its agents, which are Sally D. Slichter Jones and Maureen D. Swinden. There is no warrant at all in this record for concluding that "you" and "your" in the Vanguard Wire Redemption Service document refers to Sally D. Slichter Jones as an individual or to Sally D. Slichter Jones, trustee, to the exclusion of Maureen D. Swinden, Trustee.

Of course, nothing prevents three-way telephone calls among Sally, Maureen, and Vanguard, nor does anything prevent Vanguard from confirming by phone with one of the trustees a request for wire transfer of money from the other trustee.

If we are to take together the several contracts between the trust and Vanguard, the Vanguard Checkwriting Application of August 29, 2005 must be included. Here the trustees state that two signatures are required for all checks withdrawing funds from the trust. What is the purpose and intent of such a condition? Manifestly the purpose is to prevent any single trustee from exercising control over the funds of the trust. It is unreasonable and absurd to conclude that the trustees wished to prevent a single trustee from exercising control over the funds of the trust by check, but that control over the funds by a single trustee by wire transfer was permitted. Any reasonable interpretation of the writings attached to the complaint is that all withdrawals by a single trustee, by whatever means – check,

wire transfer, or other – is prohibited without the prior express consent of all trustees.

The Checkwriting Application of August 29, 2005 requiring two signatures for checks preceded by almost a year Sally's withdrawals of July 5 and 6, 2006.

All existing provisions of law are deemed incorporated in the parties' agreement.   Witkin, <u>Summary of California Law</u>, Ninth Edition, Contracts, ¶392.   It has long been the law in Pennsylvania that when one owes money to a trust and knows that the trust has more than one trustee, payment of the debt to a single trustee does not discharge the debt.   Please see the attached cases of <u>Godfrey, et al. v. Ziemak</u> 1932 WL 3922 (Pa. Com. Pl.) and <u>Coxe v. Kreibel</u> 185 A.770 (S. Ct. of Pa. 1935).   This law must be incorporated into the agreement of Vanguard and the Thomas R. Dwyer Trust.

It is very doubtful that Vanguard was not aware of this law. California law is not different.   <u>Bullis v. Security Pacific National Bank</u> 21 C.3d 801 (1978).   See generally <u>Bank's Liability for Payment or Withdrawal on Less than Required Number of Signatures</u> 7 ALR 4th 655; Scott on Trusts, §321.2 – <u>Payment to One of Several Trustees</u>.

It may be that in the end the contract between these parties will have to be interpreted by the jury in this case, as in <u>La Count v. Hensel</u> 79 C.A.3rd 754, 777.   Provided the court is persuaded that plaintiff in the present case has presented a plausible claim for relief on her breach of contract allegations, this court has no need to interpret the contract of the parties,

1  especially since new matter pertinent to the parties' agreement is
2  missing.

3       B.    The Complaint Alleges a Breach of Fiduciary Duty.  This
4  Takes the Case at Bar Out of the Rule of Erlich v. Menzes 21
5  Cal.4th 543, 554 (1999).

6       The complaint alleges breach of fiduciary duty (Complaint, p.
7  3).   It is alleged that Vanguard is an investment management
8  company (Complaint, p. 2) and that the Thomas R. Dwyer Trust
9  placed its funds with Vanguard (Complaint, p. 3).   In so doing,
10 the trustees indicated they were seeking through the services of
11 Vanguard income, preservation of capital, and growth (New Account
12 Application For Nonretirement Accounts, p. 3).   The trustees there
13 indicated that they considered themselves "novices" in the trading
14 of securities, if that is what the blurred word on page 3 states.
15 In any case they there indicated that their experience in trading
16 securities was at the other end of the spectrum from "extensive."
17 The court in Twomey v. Mitchum Jones & Templeton (1968) 262 C.A.2d
18 690, 709 held that "the relationship between broker and principal
19 is fiduciary in nature and imposes on the broker the duty of
20 acting in the highest good faith toward the principal." Twomey v.
21 Mitchum Jones & Templeton , supra, 262 C.A.2d 690, 709.   In that
22 opinion the court discusses at length the relationship of trust
23 and confidence.   Negligence of a fiduciary in his dealing with the
24 cestuis is a breach of fiduciary duty (Twomey v. Mitchum Jones &
25 Templeton , supra, 262 C.A.2d at pp. 712, 716, 720).   It was in
26 the context of the fiduciary duty owed by Vanguard to the Thomas
27 R. Dwyer Trust, that Vanguard negligently paid trust funds to
28 Sally D. Slichter Jones.   This circumstance takes our case out of

the rule of <u>Erlich v. Menezes</u> (1999) 21 Cal.4th 543, 554, which prohibits pleading a breach of contract as a tort, and brings our case within the exception to that rule stated in <u>Aas v. Superior Court</u> (2000) 24 Cal.4th 627, 643, "that conduct amounting to a breach of contract becomes tortious when it also violates a duty independent of the contract arising from tort law." Here Vanguard's payments to Sally constituted not only breaches of the written agreements between Vanguard and the Thomas R. Dwyer Trust, but also constituted a negligent breach of the fiduciary's duty of care to the cestuis. That duty of care arises from the fiduciary duty owed by Vanguard to the Thomas R. Dwyer Trust. Especially should this be so where the contract between the parties is not an integrated entire document purporting exhaustively to set forth the rights and duties of the parties, but consists of applications and correspondence. The gist of this case is the negligent payments to Sally, when a phone call to Maureen could have prevented the harm to the trust.

C.   <u>Sally's Consent is Not Necessary to Maintenance of this Case</u>.

The complaint alleges that Sally refuses to return the $190,655 to the Trust. In these circumstances it is not realistic to expect that she would join this suit.

Sally is the wrongdoer on our facts. Like Mr. Caveny in <u>Coxe v. Kreibel</u> 188 A 770, attached, it is she who caused the problem, but like Kreibel in that case, it is Vanguard who should have caught it. Between Vanguard, who permitted the problem to happen, and Maureen, who had no knowledge of it (Complaint, p. 2 – ". . .

1  without the prior knowledge, approval or consent of

2  plaintiff..."), Vanguard must bear the burden of Sally's conduct.

3      In <u>Stanton v. Preis</u> (1956) 138 CA2d 104 (Justices Woods,

4  Bray, and Peters), there were two trustees, one opposed to the

5  trial court's modification of the trust, one in favor of that

6  modification.   The trustee opposing the modification took an

7  appeal and defendants made the argument that under California

8  Probate Code §15620 the trustee taking the appeal required the

9  consent of his co-trustee to appeal.   The court rejected this

10 argument, citing the Illinois case of <u>Tree v. Continental Illinois</u>

11 <u>Nat. Bank & Trust Co.</u> 105 NE2d 324, which was to the same effect,

12 and which suggested that the appealing trustee taking the appeal

13 had not only a right but a duty to do so, notwithstanding his co-

14 trustee's refusal to join the appeal.

15     Likewise in <u>Wolf v. Mitchell, Silberberg & Krupp</u> (1999) 76

16 C.A.4th 1030, the court of appeal permitted a single beneficiary

17 trustee to sue on behalf of the trust, where, as in the case at

18 bar, the co-trustee was part of the problem.   In footnote 8 the

19 <u>Wolf</u> court indicated that it was deciding plaintiff's right to sue

20 based on plaintiff's status as a beneficiary of the trust, not as

21 a co-trustee, but the discussion of the case makes it clear that

22 the result would have been the same if the court was considering

23 plaintiff's status as a single co-trustee bringing suit.

24

25 V.   <u>Conclusion</u>.

26     The court should not proceed with the motion until legible

27 copies of the New Account Application For Nonretirement Accounts

28

**OPPOSITION TO MOTION TO DISMISS**

1  and a copy of the Securities Account Agreement have been provided

2  to the court and counsel.

3       September 18, 2009          Respectfully,

4                                    /s/

5                                   _____

6                                   Lawrence Alioto
                                    Attorney for Plaintiff, Maureen
6                                   Dwyer Swinden, Trustee of the Thomas

7                                   R. Dwyer Trust

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPPOSITION TO MOTION TO DISMISS**