1  S. FEY EPLING (SBN #190025)
   fey.epling@dbr.com
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, CA  94105-2235
   Telephone:    (415) 591-7500
4  Facsimile:     (415) 591-7510

5  RICHARD E. COE (*admitted pro hac vice*)
   richard.coe@dbr.com
6  DAVID J. ANTCZAK (*admitted pro hac vice*)
   david.antczak@dbr.com
7  DRINKER BIDDLE & REATH LLP
   One Logan Square
8  18th & Cherry Streets
   Philadelphia, PA 19103-6996
9  Telephone:    (215) 988-2700
   Facsimile:     (215) 988-2757
10

11 Attorneys for Defendant
   THE VANGUARD GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAUREEN DWYER SWINDEN, TRUSTEE OF THE THOMAS R. DWYER TRUST,<br><br>Plaintiff,<br><br>v.<br><br>THE VANGUARD GROUP, INC.,<br><br>Defendant. | Case No. 3:09-CV-03816-SI<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT THE VANGUARD GROUP, INC.**<br><br>Date:         October 9, 2009<br>Time:         9:00 a.m.<br>Courtroom:  Courtroom 10, 19th Floor<br>Judge:         Honorable Susan Illston |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION TO DISMISS
SF01/ 655151.1

CASE NO. 3:09-CV-03816-SI  I

**TABLE OF CONTENTS**

|     |     |     | Page |
| --- | --- | --- | ---: |
| I.  | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 1 |
|     | A. | The Complaint Fails to Comply with Twombly and Iqbal | 1 |
|     | B. | Plaintiff's Contract with Vanguard Does Not Require the Approval of Both Trustees for a Wire Transfer | 2 |
|     | C. | Vanguard Had No Duty Under Tort Law to Refuse to Honor a Redemption from the Trust by a Co-Trustee | 4 |
|     | D. | Absent Her Co-Trustee's Consent, Plaintiff Lacks the Authority to Bring This Action | 8 |
| III. | CONCLUSION | | 9 |

# TABLE OF AUTHORITIES

**CASES**

*Apollo Capital Fund LLC v. Roth Capital Partners, LLC*
   70 Cal. Rptr. 3d 199 (Cal. Ct. App. 2007) ........................................................................... 5

*Ashcroft v. Iqbal*
   129 S. Ct. 1937 (2009) .......................................................................................................... 2

*Ayala v. World Sav. Bank, FSB*
   616 F. Supp. 2d 1007 (C.D. Cal. 2009) ................................................................................ 2

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) ......................................................................................................... 1, 2

*Bullis v. Security Pacific National Bank*
   582 P.2d 109 (Cal. 1978) .................................................................................................. 4, 5

*Burns v. Neiman Marcus Group, Inc.*
   93 Cal. Rptr. 3d 130 (Cal. Ct. App. 2009) ........................................................................... 4

*Chazen v. Centennial Bank*
   71 Cal. Rptr. 2d 462 (Cal. Ct. App. 1998) ........................................................................... 4

*Comm. on Children's Television, Inc. v. Gen. Foods Corp.*
   673 P.2d 660 (Cal. 1983) ...................................................................................................... 5

*Coons v. Henry*
   9 Cal. Rptr. 258 (Cal. Ct. App. 1960) .................................................................................. 4

*Copesky v. Sup. Ct.*
   280 Cal. Rptr. 338 (Cal. Ct. App. 1991) .............................................................................. 6

*Coxe v. Kriebel*
   185 A. 770 (Pa. 1936) ........................................................................................................ 10

*Cruz v. U.S.*
   219 F. Supp. 2d 1027 (N.D. Cal. 2002) ............................................................................... 6

*Erlich v. Menezes*
   981 P.2d 978 (Cal. 1999) ...................................................................................................... 6

*Leboce, S.A. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
   709 F.2d 605 (1983) .............................................................................................................. 8

*Niederreuther v. Schifter*
   No. C96-0126, 1998 U.S. Dist. LEXIS 11079 (N.D. Cal. July 14, 1998) ........................... 6

*Petersen v. Sec. Settlement Corp.*
   277 Cal. Rptr. 468 (Cal. Ct. App. 1991) .............................................................................. 8

*Resolution Trust Corp. v. Azevedo*
   No. C-92-1304-CAL, 1993 U.S. Dist. LEXIS 20233 (N.D. Cal. Oct. 4, 1993) .................. 8

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION TO DISMISS
SF01/ 655151.1

CASE NO. 3:09-CV-03816-SI


*Roy Supply v. The Wells Fargo Bank*
    46 Cal. Rptr. 2d 309 (Cal. Ct. App. 1995) ........................................................................ 4

*Saks v. Damon Raike & Co.*
    8 Cal. Rptr. 2d 869 (Cal. Ct. App. 1992) .......................................................................... 9

*Stanton v. Preis*
    291 P.2d 118 (Cal. Ct. App. 1955) .................................................................................. 10

*Trustman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
    No. CV 82-6701, 1985 U.S. Dist. LEXIS 23154 (C.D. Cal. Jan. 24, 1985) ........................ 8

*Twomey v. Mitchum Jones & Templeton, Inc.*
    69 Cal. Rptr. 222 (Cal. Ct. App. 1968) .............................................................................. 7

*Wolf v. Mitchell, Silberberg & Knupp*
    90 Cal. Rptr. 2d 792
    (Cal. Ct. App. 1999) ............................................................................................................ 9

**STATUTES, RULES & REGULATIONS**

2-12 Moore's Federal Practice - Civil § 12.34 ............................................................................. 8

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION TO DISMISS
SF01/ 655151.1

- 2 -

CASE NO. 3:09-CV-03816-SI

# I.

# INTRODUCTION

Plaintiff Maureen Dwyer Swinden ("Plaintiff") admits in her Opposition that her sister and co-trustee of the Thomas R. Dwyer Trust (the "Trust"), Sally Slichter, is the real "wrongdoer" here. Despite this admission, Plaintiff makes a desperate effort to salvage her case against defendant The Vanguard Group, Inc. ("Vanguard") by, among other things, speculating that the language of documents that she does not have or supposedly cannot read support her allegations. Plaintiff's current reliance on "blurred" or non-existent language to save her contract claim is an acknowledgement that the claim is not supported by the plain language of the documents she attached to her Complaint. As explained below, however, the production of this missing or "blurred" language only makes matters worse for Plaintiff, as it confirms that it was her responsibility to prevent allegedly unauthorized redemptions and that Vanguard was not acting as a fiduciary for Plaintiff or the Trust.

Plaintiff seeks to treat Vanguard as an insurer against her co-trustee sister's alleged actions and her own breach of fiduciary duty. Under the applicable law and the documents on which Plaintiffs relies, it is clear that Vanguard is not responsible for Ms. Slichter's actions. The Complaint should therefore be dismissed with prejudice.

# II.

# ARGUMENT

**A.  The Complaint Fails to Comply with Twombly and Iqbal.**

Plaintiff suggests that the Court should exempt her from ordinary Rule 8 pleading requirements because, she says, her anticipated discovery requests in this action will be modest. (Pl.'s Opp'n at 1-2.) Her position does not follow from the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Moreover, any notion that Twombly created a sliding-scale standard of review based on the cause of action asserted or the magnitude of the damages or discovery sought was flatly rejected in the Court's recent decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION TO DISMISS
SF01/ 655151.1

CASE NO. 3:09-CV-03816-SI

In *Iqbal*, the Court first confirmed that the pleading standard expounded in *Twombly* applied in "all civil actions." *Id.* at 1953 (emphasis added). The Court next rejected the very argument made by Plaintiff here – that a more lenient pleading standard should apply because discovery would be limited in that case – and declared that "the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Id.* The Court "decline[d] respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery. . . . Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." *Id.* at 1953-54.

Plaintiff's complaint here offers nothing more than "naked assertions" devoid of "factual enhancement" and therefore fails to state a plausible claim for relief. *Id.* at 1949 (citing *Twombly*, 550 U.S. at 557). Thus, under *Twombly* and *Iqbal*, Plaintiff is not entitled to any discovery, "cabined or otherwise," and the Complaint should be dismissed.

**B.     Plaintiff's Contract with Vanguard Does Not Require the Approval of Both Trustees for a Wire Transfer.**

Plaintiff's demand that Vanguard produce additional documentation not referenced in the Complaint to save her breach of contract claim confirms that there was nothing in the language of the documents she originally attached to her pleading to support her cause of action. Based on that telling response alone, the Court should dismiss the breach of contract claim. *See*, *e.g.*, *Ayala v. World Sav. Bank, FSB*, 616 F. Supp. 2d 1007, 1015 (C.D. Cal. 2009) (granting motion to dismiss where allegations were contradicted by documents attached to complaint).

Nevertheless, Vanguard attaches the two documents that Plaintiff now requests – the New Account Application for Nonretirement Accounts ("New Account Application," attached hereto as Exhibit A), and the Securities Account Agreement (attached hereto as Exhibit B). Contrary to Plaintiff's suggestions, these additional documents foreclose any further argument that Vanguard had a contractual duty to obtain the approval of both Plaintiff and her co-trustee before authorizing a wire transfer.

Plaintiff erroneously pins her hopes on the "Signatures of All Account Owners" section of

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION TO DISMISS
SF01/ 655151.1
- 2 -
CASE NO. 3:09-CV-03816-SI

1  the New Account Application, implying that this provision must impose an obligation on
2  Vanguard to obtain the approval of Plaintiff and her sister before clearing a transaction. (Pl.'s
3  Opp'n at 3; Ex. A ¶ 10.) But this provision plainly protects Vanguard by providing that Plaintiff
4  and her sister certify under the penalty of perjury that they have listed the proper employer
5  identification number and that they are not subject to backup withholding. (Ex. A. ¶ 10.)
6  Nothing in the Application imposes a duty on Vanguard to seek approval of both trustees before
7  authorizing a redemption.
8        Furthermore, the Securities Account Agreement makes clear that it is *Plaintiff's*
9  responsibility to prevent unauthorized redemptions. The "Order Entry Provisions" clause of the
10 Agreement confirms that orders will be entered verbally over the telephone or using the internet,
11 and it provides that Plaintiff "acknowledge[s] responsibility for the confidentiality and use of the
12 account numbers assigned to me for all securities and other transactions initiated through these
13 means." (Ex. B at 2.) It goes on to state that "[a]ny orders communicated to VBS through these
14 means will be considered to have been sent by me." (*Id.*) Thus, far from supporting Plaintiff's
15 argument that it was Vanguard's duty to prevent the redemptions in question, these documents
16 affirmatively show the opposite – that it was Plaintiff's responsibility to police her account and
17 the activities of her co-trustee.
18       In addition to her misplaced reliance on the New Account Application and Securities
19 Account Agreement, Plaintiff also attempts to expand Vanguard's duties by citing to a separate
20 contract, covering a different type of transaction, and entered into at different point in time. In
21 particular, she argues that the two-signature requirement of her Checkwriting Application should
22 be "read together" with the New Account Agreement and the Wire Redemption Service document
23 under California Code § 1642. "The general rule under [Section 1642], however, is that two or
24 more separately executed instruments may be considered and construed as one contract only
25 when upon their face they deal with the same subject matter and are by reference to one another
26 so connected that they may be fairly said to be interdependent." *Coons v. Henry*, 9 Cal. Rptr.
27 258, 261 (Cal. Ct. App. 1960). Accordingly, in Coons, the court held that the contracts in
28 question should not be construed together because they were executed at different times, covered

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION TO DISMISS
SF01/ 655151.1

- 3 -

CASE NO. 3:09-CV-03816-SI

different subject matters, and made no reference to each other. *Id.*

Here, just as in Coons, the documents that Plaintiff seeks to "read together" cover different subject matters, make no reference to each other, and were entered into at different times. The Checkwriting Application applies only to checks, while the New Account Agreement and the Wire Redemption Service agreement make reference to electronic redemptions and wire transfers. The New Account Application and Wire Redemption Service document were submitted in October 2000 and January 2001, respectively, while the Checkwriting Application was not submitted until August 2005 – more than *four years* later. The Checkwriting Application also makes no reference to the other two agreements or to electronic transfers or wire redemptions generally. In sum, Plaintiff's argument that a provision in an agreement covering a different type of transaction signed more than four years later somehow acts to amend the parties' prior agreement does not withstand scrutiny. *Id.* at 261.[1]

### C. Vanguard Had No Duty Under Tort Law to Refuse to Honor a Redemption from the Trust by a Co-Trustee.

Plaintiff's effort to recast Vanguard's alleged breach of contract as violating some "independent" duty under tort law fares no better. As a threshold matter, Plaintiff fails to offer any arguments in support of either her "mistake" or "negligence and professional negligence" causes of action. (Pl.'s Opp'n at 8-9.) Therefore, those two counts must be dismissed.

---

[1] Plaintiff's attempt to add statutory banking requirements into the parties' agreement also should be rejected. In *Bullis v. Security Pacific National Bank*, 582 P.2d 109 (Cal. 1978), the court relied in part on California Commercial Code § 4103 to determine that a bank had breached a duty of care in honoring checks signed by only one trustee. *Id.* at 113 n.9. Section 4103 is part of the "Banks Deposits and Collection" section of the Commercial Code. Vanguard is not (and is not alleged to be) a bank, and this is not a check-writing case. If it were, the "detailed statutory provisions governing the relationship between banks and customers with respect to checks" would apply. *Roy Supply v. The Wells Fargo Bank*, 46 Cal. Rptr. 2d 309, 313 (Cal. Ct. App. 1995). Even banks, however, have no duty to "police" their accounts and cannot be held liable for authorizing a withdrawal made in accordance with the parties' contract. *Burns v. Neiman Marcus Group, Inc.*, 93 Cal. Rptr. 3d 130, 139 (Cal. Ct. App. 2009); *see also Chazen v. Centennial Bank*, 71 Cal. Rptr. 2d 462, 464-65, 467 (Cal. Ct. App. 1998) ("We begin our analysis with the well-established principle, codified in Financial Code sections 952 and 953, that a bank has no duty to monitor trust accounts for breaches of fiduciary duty. . . [A bank] has no duty . . . to prevent improper disbursements from the accounts."). *Bullis* is further distinguishable because there, unlike here, the defendant bank was alleged to have violated banking industry customs when it honored the checks in question. 582 P.2d at 112.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION TO DISMISS
SF01/ 655151.1

- 4 -

CASE NO. 3:09-CV-03816-SI

Plaintiff's remaining claim – that Vanguard breached a fiduciary duty to the Trust – fails as a matter of law. To "be charged with a fiduciary obligation, [a person] must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 673 P.2d 660, 675-76 (Cal. 1983). A fiduciary duty also requires a "confidential relationship" and "control by a person over the property of another." *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 70 Cal. Rptr. 3d 199, 215 (Cal. Ct. App. 2007).

The Complaint is devoid of any facts suggesting that the Trust had such a "confidential relationship" with Vanguard. Instead, Plaintiff bases her entire "fiduciary duty" argument on the bare allegation that Vanguard is "an investment management company registered with the Securities and Exchange Commission." (Pl.'s Opp'n at 2, 8.).[2] Plaintiff cites no law, however, for the proposition that a company such as Vanguard owes a fiduciary duty to its mutual fund customers, such as the Trust. Nor is it likely that California courts would impose such a duty, as they have declined invitations to impose fiduciary obligations on parties in a purely commercial relationship or based solely on a party's status. *See*, *e.g.*, *Comm. on Children's Television*, 673 P.2d at 675 ("[T]he efforts of commercial sellers – even those with superior bargaining power – to profit from the trust of consumers is not enough to create a fiduciary duty. If it were, the law of fiduciary relations would largely displace both the tort of fraud and much of the Commercial Code."); *Niederreuther v. Schifter*, No. C96-0126, 1998 U.S. Dist. LEXIS 11079, at *3 (N.D. Cal. July 14, 1998) ("It is well established that a bank or lender has no fiduciary duty to a borrower when a borrower obtains a loan through the course of an ordinary lender-borrower relationship.").[3]

---

[2] Vanguard accepts this allegation as true for purposes of this Motion only.

[3] For a fiduciary relationship to arise and create tort liability, California courts require: "(1) inherently unequal bargaining positions; (2) nonprofit motivation, i.e., objective of securing peace of mind, security; (3) inadequacy of ordinary contract damages; (4) special vulnerability of one party to harm as a result of breach of trust of the other; and (5) awareness by the other of this special vulnerability." *Cruz v. U.S.*, 219 F. Supp. 2d 1027, 1039 (N.D. Cal. 2002) (citing *Copesky v. Sup. Ct.*, 280 Cal. Rptr. 338, 344 n.7 (Cal. Ct. App. 1991)). Plaintiff does not and cannot plead facts that meet this standard.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION TO DISMISS
SF01/ 655151.1
- 5 -
CASE NO. 3:09-CV-03816-SI

Plaintiff avers only that she has a contractual relationship with Vanguard and, according to the Complaint, it is the "stipulation and agreement of the parties, as reflected in the attached documents," that imposes a duty on Vanguard to obtain her approval before allowing a redemption by her sister. (Compl. ¶¶ 5-6.) Neither this alleged contractual relationship, nor Vanguard's alleged status as a registered investment management company, is enough to give rise to fiduciary obligations. *See Cruz v. U.S.*, 219 F. Supp. 2d 1027, 1039 (N.D. Cal. 2002) (refusing to accept "conclusory allegation" that fiduciary relationship existed where, as here, plaintiff did not plead facts that would establish such a relationship); *Erlich v. Menezes*, 981 P.2d 978, 983 (Cal. 1999) (tort liability arises from duty that is "completely independent of the contract" or "conduct which is both intentional and intended to harm").

The only case on which Plaintiff relies, *Twomey v. Mitchum Jones & Templeton, Inc.*, 69 Cal. Rptr. 222 (Cal. Ct. App. 1968), does not support her position. Twomey merely held that in certain circumstances a stockbroker or an investment adviser owes a fiduciary duty to a client. *Id.* at 238 (involving defendant stockbroker who acted as investment counselor for widow and who wrongfully instructed widow to sell her entire portfolio of investments at a loss and give him proceeds to invest). Plaintiff has not alleged that Vanguard was acting as her stockbroker or investment adviser when her sister's redemptions were made. Indeed, both the New Account Application and Securities Account Agreement – the two documents that Plaintiff said were necessary to resolve Vanguard's motion – explicitly state that Vanguard was not providing her with investment advice. The New Account Application provides that:

> I understand that VBS is a "limited" broker/dealer and, as such, acts strictly in the role of agent for its clients. ***VBS makes no recommendations concerning securities purchases and sales. All securities transactions accepted by VBS are on an unsolicited basis and are the result of independent action by me.***

(New Account Application ¶ 10(B).). Similarly, the Securities Account Agreement provides that Vanguard "is not responsible to provide [Plaintiff] at any time with information concerning cash/stock dividends, stock splits, mandatory corporate actions, ***or any information, advice,***

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION TO DISMISS
SF01/ 655151.1

- 6 -

CASE NO. 3:09-CV-03816-SI

1   *guidance, or recommendations with respect to an order by me to purchase or sell securities*."
2   (Securities Account Agreement at 2 ("LIABILITY").)[4] Thus, the express language of these
3   agreements belies any assertion that Vanguard was acting as an investment adviser or
4   stockbroker.

5         Even if the Court were to ignore these contractual limitations and accept Plaintiff's
6   erroneous argument that Vanguard was acting as her stockbroker or investment adviser when the
7   redemptions were made, her reliance on *Twomey* would still be misplaced. In *Leboce, S.A. v.*
8   *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 709 F.2d 605 (1983), the Ninth Circuit recognized
9   that Twomey has been limited by subsequent decisions to its facts, such that not all stockbrokers
10   are subject to fiduciary duties. According to *Leboce*, *Twomey* and other California decisions like
11   it impose a fiduciary duty on stockbrokers only when the customer alleges that the broker also
12   served as their investment counselor and had authority to make trades on the customers' accounts.
13   *Id.* at 607 ("It is where the agent 'for all practical purposes' controls the account that California
14   law imposes fiduciary obligations."). In *Leboce*, the court concluded that the defendant did not
15   owe the plaintiff a fiduciary duty when the defendant had no authority to make trades on the
16   plaintiff's account and did not offer the plaintiff the sort of investment advice that gave rise to a
17   fiduciary duty claim. *Id.* at 607-08; *see Petersen v. Sec. Settlement Corp.*, 277 Cal. Rptr. 468, 472
18   (Cal. Ct. App. 1991) (holding that broker did not have fiduciary duty to customer because it made
19   no investment recommendations to customer and parties' contract "prohibited it from providing
20   such advice."); *Resolution Trust Corp. v. Azevedo*, No. C-92-1304-CAL, 1993 U.S. Dist. LEXIS
21   20233, at *8-9 (N.D. Cal. Oct. 4, 1993) (ruling that broker has no fiduciary duty if client initiates
22   trades); *Trustman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. CV 82-6701, 1985 U.S.
23   Dist. LEXIS 23154, at *44 (C.D. Cal. Jan. 24, 1985) ("California courts only have imposed
24   fiduciary duties on a stockbroker when the broker served as an investment counselor and had

---

[4] The Securities Account Agreement applies only to "purchase or sale of securities and other property" and, based on the allegations of the Complaint, does not apply to the redemption of mutual fund assets at issue here. (Ex. B at 1.)

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION TO DISMISS
SF01/ 655151.1
- 7 -
CASE NO. 3:09-CV-03816-SI

1  authority to make trades in the customer's accounts.") (internal quotations omitted). Because
2  Plaintiff does not allege that Vanguard provided her with investment advice or that it had the
3  authority to make trades in the Trust account without the permission of the co-trustees, *Twomey* is
4  inapposite and her fiduciary duty claim fails under *Leboce*.

**D. Absent Her Co-Trustee's Consent, Plaintiff Lacks the Authority to Bring This Action.**

Plaintiff concedes in her Opposition that her sister and co-trustee, Sally Slichter, is "the wrongdoer" under the circumstances. (Pl.'s Opp'n at 9.) Plaintiff makes no comparable allegations in the Complaint, however. *See* 2-12 Moore's Federal Practice - Civil § 12.34 ("The court may not, for example, take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). Even if this unverified allegation were accepted, this concession does not excuse Plaintiff's failure to obtain the requisite consent of her co-trustee before filing this action.

As Vanguard explained in its opening memorandum, Plaintiff must either sue her co-trustee alone for the supposed wrongdoing or obtain her co-trustee's consent to bring an action on behalf of the trust against a responsible third-party. (Def's Mem. at 8-9.) California law permits one narrow exception to the general rule that the agreement of all trustees is necessary to bring a suit against a third party for damage to the trust. (*Id.* at 9 (citing *Saks v. Damon Raike & Co.*, 8 Cal. Rptr. 2d 869, 875 (Cal. Ct. App. 1992); *Wolf v. Mitchell, Silberberg & Knupp*, 90 Cal. Rptr. 2d 792, 799 n.8 (Cal. Ct. App. 1999).) Because Plaintiff's Opposition fails to explain how this case falls within that exception, she lacks the authority to assert claims against Vanguard on behalf of the Trust.

The antiquated Pennsylvania decision cited by Plaintiff, *Coxe v. Kriebel*, 185 A. 770 (Pa. 1936), does not hold to the contrary. In *Coxe*, all of the evidence pointed to the plaintiff's co-trustee being "the recreant" in the matter who "employed every means within his power to deceive the interested parties." *Id.* at 771, 773. The co-trustee, however, was deceased. *Id.* at 771. Thus, the Pennsylvania court did not address the issue of trustee consent presented here. *See id.* at 775 (finding that defendants had been negligent and that loss suffered by plaintiff must

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION TO DISMISS
SF01/ 655151.1
- 8 -
CASE NO. 3:09-CV-03816-SI

be borne by them because the real wrongdoer – the co-trustee who had dissipated the assets – was "beyond the reach of process," and surviving co-trustee had not neglected his duties).[5] *Coxe* is also distinguishable because Vanguard has shown that it breached no duty, contractual or otherwise, to Plaintiff. Moreover, unlike the co-trustee in Coxe, Plaintiff is not left without a remedy if this action against Vanguard is dismissed. She is free to file a suit against her sister, who she acknowledges is the real wrongdoer here and who is allegedly in possession of the funds redeemed from the Trust. Vanguard should not have to pay the Trust again when it has complied with its contractual obligations and Plaintiff has inexplicably chosen not to sue the party who, she admits, is responsible for the Trust's alleged loss.

//

//

### III.

### CONCLUSION

For all of the foregoing reasons and for the reasons set forth in its opening memorandum of points and authorities, Vanguard respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

---

[5] Plaintiff's reliance on *Stanton v. Preis*, 291 P.2d 118 (Cal. Ct. App. 1955), is also misplaced. As explained by the Stanton court, the exercise of the appeal in that case did not implicate "the kind of 'power' which the statute requires all of the trustees to unite in exercising if the trust property is to be bound" but was instead a proceeding to invoke the power of the court to interpret a trust instrument. *Id.* at 119. In contrast, this action does involve a power which requires the consent of all trustees – the power to initiate a suit against a third party – and *Stanton* is therefore distinguishable.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION TO DISMISS
SF01/ 655151.1

- 9 -

CASE NO. 3:09-CV-03816-SI

| | | |
|---|---|---|
| 1 | Dated: September _____, 2009 | DRINKER BIDDLE & REATH LLP |
| 2 | | |
| 3 | | By: /s/ S. Fey Epling |
| 4 | | S. Fey Epling |
| 5 | | David J. Antczak (*pro hac vice* pending)<br>Richard E. Coe (*pro hac vice* pending) |
| 6 | | DRINKER BIDDLE & REATH LLP<br>One Logan Square, 18th and Cherry Streets |
| 7 | | Philadelphia, PA  19103<br>Telephone:  (215) 988-2700<br>Facsimile:  (215) 988-2757 |
| 8 | | |
| 9 | | Attorneys for Defendant<br>THE VANGUARD GROUP, INC. |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION TO DISMISS
SF01/ 655151.1

- 10 -

CASE NO. 3:09-CV-03816-SI