IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN DWYER SWINDEN, | No. C 09-03816 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| THE VANGUARD GROUP, INC., | |
| Defendant. | |

Defendant has filed a motion to dismiss the complaint for failure to state a claim. This matter is currently set for hearing on October 30, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS defendant's motion.

**BACKGROUND**

Plaintiff Maureen Swinden and her sister, Sally Slichter, are co-trustees of the Thomas R. Dwyer Trust ("Trust"). Complaint ¶ 1. In October 2000, plaintiff and Ms. Slichter opened an account for the Trust with defendant Vanguard, an investment management company. *Id.* ¶¶ 3-4. According to plaintiff, the agreement entered into by the parties when the account was opened provided that any wire transfers from the Trust account required the approval of both co-trustees. *Id.* ¶ 5. On July 5-6, 2006, a total of $190,655 was withdrawn from the Trust's bank account and transferred by wire to the account of plaintiff's sister and co-trustee, Ms. Slichter. *Id.* ¶ 6. Plaintiff alleges that this transfer was made "at the sole request of Sally D. Slichter, and without the prior knowledge, approval or consent of plaintiff, contrary to the agreement of Defendant and the Thomas W. Dwyer Trust." *Id.* Plaintiff alleges

that Ms. Slichter refuses to repay the money to the Trust. *Id.*

On July 2, 2009, plaintiff brought suit against defendant in the Contra Costa County Superior Court, alleging breach of contract, breach of fiduciary duty, "mistake," negligence and professional negligence. *Id.* ¶¶ 7-10. Plaintiff sought a judgment requiring defendant to repay $190,655 to the Trust, plus 10% interest and attorney's fees and costs. *Id.* ¶ 11. On August 19, 2009, defendant removed the action to this Court on diversity grounds. *See* Notice of Removal. Presently before the Court is defendant's motion to dismiss the complaint for failure to state a claim. (Docket No. 7).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id*. at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the

2

1 allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal
2 quotation marks omitted).

**DISCUSSION**

**1.     Standing**

Defendant contends plaintiff's complaint must be dismissed because she lacks standing to bring claims on behalf of the Trust without her co-trustee's consent. Ms. Slichter is not a party to this action, either as a plaintiff or as a nominal defendant, and plaintiff did not allege in the complaint that she obtained Ms. Slichter's consent before bringing suit. After defendant raised this issue in its motion, plaintiff wrote Ms. Slichter requesting that she join in the suit, but apparently plaintiff has not yet heard back. *See* Pltf. Mot. for Leave to File Surreply, at 7 (Docket No. 19); Surreply at 7-8 (Docket No. 21).

Under California law, "Unless otherwise provided in the trust instrument, a power vested in two or more trustees may only be exercised by their unanimous action." Cal. Prob. Code § 15620. This includes the power to maintain a legal action on behalf of the trust. Restatement (Second) of Trusts § 200 (1959). California courts do not appear to have addressed whether one of two co-trustees may unilaterally sue a third party to recover money for breach of contract and breach of various duties. Plaintiff does not cite, and the Court was unable to find, any decision holding that a single co-trustee would have standing in such a case, contrary to the general rule. The Court observes, however, that the Restatement of Trusts provides that if one trustee refuses to concur in the exercise of a trust power, the court may permit the remaining trustee to act unilaterally "if it appears to be for the best interest of the trust that there should be an exercise of the power." *Id.* § 194. In the current complaint, plaintiff has not pled facts that might support application of this theory.

Accordingly, the Court GRANTS defendant's motion to dismiss for lack of standing. The Court finds that plaintiff may be able to cure the standing deficiency by amendment. Plaintiff has provided the Court with a copy of a letter sent to Ms. Slichter, demanding that she join in this suit. If Ms. Slichter joins the suit, she may be named as a plaintiff in the amended complaint. If Ms. Slichter refuses to join, plaintiff may still be able to establish standing under the theory that permitting unilateral action on her part would be in the best interest of the Trust. In the event plaintiff chooses to file an amended

3

complaint, she must include factual allegations establishing her standing to maintain the present action.

### 2.     **Breach of Contract Claim**

Plaintiff's first cause of action, for breach of contract, is based on the allegation that defendant failed to uphold its contractual obligation to obtain the signatures of both plaintiff and Ms. Slichter before authorizing the wire transfers in question to Ms. Slichter's account. Defendant asserts that the breach of contract claim must be dismissed because the parties' agreement did not contain a term requiring both trustees to approve wire transfers.

Both plaintiff and defendant cite to the documents forming the parties' agreement, including the New Account Application for Nonretirement Accounts, Vanguard Wire Redemption Service document, Vanguard Checkwriting Application, and Securities Account Agreement. Plaintiff attached the Wire Redemption and Checkwriting Application documents, as well as portions of the New Account Application, to her complaint. *See* Complaint, attached to Notice of Removal [Docket No. 1]. The full New Account Application and the Securities Account Agreement were attached to defendant's reply in support of its motion to dismiss. *See* Reply, ex. A-B [Docket No. 18].[1]

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks and citation omitted). The court may, however, consider documents properly submitted with the complaint and any documents not attached to the complaint if their authenticity is undisputed and the complaint necessarily relies on them. *Id.* The Court finds that all four documents forming the parties' agreement are appropriate for consideration in ruling on defendant's motion to dismiss.

The four documents submitted by the parties reflect the following sequence of events. In October 2000, plaintiff and Ms. Slichter signed the New Account Application, thereby registering the Trust account. *See* Reply, ex. A, at 5. The Securities Account Agreement, which provides that the parties' agreement and transactions are to be governed by Pennsylvania law, was apparently attached

---

[1] Plaintiff apparently lacked a copy of the Securities Account Agreement until receiving it as part of defendant's reply brief; the Court therefore granted plaintiff leave to file a surreply to address the implications of that document.

4

to the New Account Application. On or about January 15, 2001, plaintiff and Ms. Slichter signed the Wire Redemption form, which states, "This service allows you to request a redemption by telephone and have the proceeds wired to your bank." *See* Complaint, attach. at 6. Both plaintiff's and Ms. Slichter's names are listed on the form as co-trustees, but the form says nothing about whether the consent of both trustees is a prerequisite to the release of funds by defendant. More than four years later, on or about August 29, 2005, plaintiff and Ms. Slichter signed the Checkwriting Application, adding check privileges to the Trust account. *See* Complaint, attach. at 7-8. Plaintiff and Ms. Slichter specifically indicated on the Checkwriting Application that any checks drawn on the Trust account required the signatures of both trustees. *Id.* at 8.

Plaintiff's complaint does not make clear whether her claims are brought under California or Pennsylvania law. Under either state's law, however, there is no indication on the face of the wire agreement that defendant was required to obtain the consent or signatures of both plaintiff and Ms. Slichter before authorizing the wire transfers. Recognizing this fact, plaintiff urges the Court to construe the Wire Redemption form together with the Checkwriting Application, and import the latter's two-signature requirement into the former. Plaintiff also urges the Court to incorporate provisions of the Securities Account Agreement, in particular a line stating, "Payment of money may be made from time to time by delivering or sending to any one of us a check made payable in accordance with the registration of the account."

Plaintiff relies on California Civil Code section 1642, which provides, "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." As stated by a California court, "The general rule under [section 1642] is that two or more separately executed instruments may be considered and construed as one contract 'only when upon their face they deal with the same subject-matter and are by reference to one another so connected that they may be fairly said to be interdependent.'" *Coons v. Henry*, 9 Cal. Rptr. 258, 261 (Cal. Ct. App. 1960) (quoting *Merkeley v. Fisk*, 178 P. 945, 948 (Cal. 1919)). In *Coons*, the court construed the terms of a husband's will separately from those of a property agreement by which his wife gave up her share of the couple's community property in exchange for other assets. Although the two documents were signed only two days apart, and both pertained to the wife's inheritance of property, the court ruled that

5

they should be interpreted as separate agreements because they were "executed separately and at different times" and made no reference to each other. *Id.* at 261.

The facts presented in this case do not weigh in favor of construing the Wire Redemption agreement and Checkwriting Application together. Although both agreements pertain to the withdrawal of money from the Trust's account, the forms make no reference to each other and clearly refer distinctly to "checks" and "wire redemptions." Moreover, the Checkwriting Application was executed more than four years after the Wire Redemption form. In light of these factors, the Court determines that under California law, the Wire Redemption document must be construed as an independent agreement. Contrary to plaintiff's representations, that agreement plainly did not require defendant to obtain the consent of both trustees before authorizing a wire transfer. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint" and may grant a motion to dismiss under such circumstances).

Moreover, even if the Court were to construe the wire agreement together with the Securities Account Agreement, the latter does not alter the Court's interpretation of the former. The "payment of money" provision emphasized by plaintiff refers specifically to checks sent *by defendant* – presumably to pay out any dividends or other profits from the account – and not to any checks or wire transfers drawn on the account *by the co-trustees*.

Plaintiff also argues that, under Pennsylvania law, "payment to one of two or more trustees does not discharge the debt." Surreply at 4 (Docket No. 21). However, plaintiff fails to explain, either in the complaint or in her briefs, how that rule is applicable to the facts of the present case. Both cases cited by plaintiff, *Godfrey v. Ziemak*, 18 Pa. D. & C. 195 (Ct. Com. Pl. Pa. 1932) and *Coxe v. Kriebel*, 185 A. 770 (Pa. 1936) involved payments to a single trustee of money due pursuant to a mortgage held by the trust. Plaintiff does not identify any such debt that existed in this case. Indeed, from the current complaint, there is no indication that the wire transfers at issue were anything but unilateral withdrawals on Ms. Slichter's part.

Accordingly, plaintiff does not state a plausible claim for relief under either California or Pennsylvania contract law. Defendant's motion to dismiss the claim is therefore GRANTED with leave

6

to amend. In the event plaintiff chooses to amend her complaint, she must assert in the complaint under which state's law her claims are brought.

### 3. Tort Claims

Plaintiff's remaining causes of action are tort claims for breach of fiduciary duty, "mistake," negligence and professional negligence. Plaintiff's complaint does not contain separate factual allegations in support of her tort claims, but simply states that "the foregoing facts"—that is, the facts underlying her breach of contract claim—also constitute various torts. Defendant asserts the tort claims must be dismissed because they merely restate the contract claims and do not contain any allegation that defendant owed plaintiff an independent duty under tort law.

#### A. Breach of Fiduciary Duty

An action for breach of fiduciary duty requires the plaintiff to allege the existence of a fiduciary relationship, defined under California law[2] as "any relation existing between parties to a transaction wherein one of the parties is . . . duty bound to act with the utmost good faith for the benefit of the other party." *Gilman v. Dalby*, 98 Cal. Rptr. 3d 231, 237 (Cal. Ct. App. 2009) (alteration in original) (quotation marks and citation omitted). Traditional examples of fiduciary relationships include trustee and beneficiary, agent and principal, guardian and ward, and attorney and client. *Gilman*, 98 Cal. Rptr. 3d at 238; *Richelle L. v. Roman Catholic Archbishop*, 130 Cal. Rptr. 2d 601, 609 (Cal. Ct. App. 2003). A plaintiff cannot make out a claim for breach of fiduciary duty based solely on an alleged breach of contract, absent an allegation that the parties had a fiduciary relationship. *Gilman*, 98 Cal. Rptr. 3d at 238; *see also Parrish v. Nat'l Football League Players Ass'n*, 534 F. Supp. 2d 1081, 1097 (N.D. Cal. 2007) (under California law, "[m]ere contractual relationships, without more, do not give rise to fiduciary relationships").

Plaintiff's allegations that defendant is an investment company, Complaint ¶ 2, and that the Trust placed its funds with defendant, *id.* ¶ 3, are insufficient to plead the existence of a fiduciary relationship.

---

[2] Plaintiff cites no Pennsylvania law in support of her breach of fiduciary duty claim.

7

Although plaintiff cites a California case holding that a stockbroker or investment manager owes a fiduciary duty to its client, *Twomey v. Mitchum, Jones & Templeton, Inc.*, 69 Cal. Rptr. 222, 236 (Cal. Ct. App. 1968), California courts have subsequently clarified that a stockbroker or investment manager is a fiduciary only when it actually provides investment advice and has the authority to make trades on the client's behalf. *See Leboce, S.A. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 709 F.2d 605, 607 (9th Cir. 1983) ("In . . . cases where the California courts imposed fiduciary duties on stockbrokers, the customers alleged or proved that the broker also served as their investment counselor and, in most cases, had authority to make trades on the customers' accounts. . . . It is where the agent 'for all practical purposes' controls the account that California law imposes fiduciary obligations.") (citations omitted)).

Plaintiff has not put forth any factual allegations to show that defendant provided her with investment advice, made any transactions on her behalf, or otherwise acted in the capacity of a fiduciary. Plaintiff's conclusory assertion that defendant's actions constitute a breach of fiduciary duty is insufficient to state a claim. Defendant's motion to dismiss the claim is therefore GRANTED with leave to amend.

### B. Mistake

Plaintiff's claim for "actionable mistake" is brought under California Code of Civil Procedure section 338. However, as defendant points out in its motion to dismiss, section 338 sets forth a three-year statute of limitations for actions for "relief on the ground of fraud or mistake," and does not create any substantive tort claims. Cal. Civ. Proc. Code § 338(d). Moreover, a claim for recovery on the basis of mistake typically applies to situations in which the plaintiff seeks the return of money mistakenly obtained *by the defendant*. *Id.*; *see also Creditors Collection Serv. v. Castaldi*, 45 Cal. Rptr. 2d 511, 513 (Cal. Ct. App. 1995). Plaintiff's opposition and surreply do not address the mistake claim or defendant's arguments in support of dismissal. The Court concludes that plaintiff has abandoned this claim. Accordingly, the Court GRANTS defendant's motion to dismiss this claim with prejudice.

### C. Negligence and Professional Negligence

Defendant moves to dismiss plaintiff's claims of negligence and professional negligence on the

ground the claims merely restate plaintiff's breach of contract claim and do not contain allegations that defendant was held to, and breached, a duty of due care. Plaintiff's opposition does not address the negligence claims or defendant's arguments in support of dismissing them. Defendant's motion to dismiss them is GRANTED with leave to amend.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court GRANTS defendant's motion to dismiss the complaint for failure to state a claim. The dismissal is with prejudice as to plaintiff's claim for mistake, and without prejudice as to plaintiff's claims for breach of contract, breach of fiduciary duty, negligence and professional negligence. If plaintiff wishes to file an amended complaint, she must do so by **November 6, 2009**.

**IT IS SO ORDERED.**

Dated: October 21, 2009

SUSAN ILLSTON
United States District Judge

9