1   S. FEY EPLING (SBN #190025)
    fey.epling@dbr.com
2   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
3   San Francisco, CA  94105-2235
    Telephone:     (415) 591-7500
4   Facsimile:     (415) 591-7510

5   DAVID J. ANTCZAK (*admitted pro hac vice*)
    david.antczak@dbr.com
6   RICHARD E. COE (*admitted pro hac vice*)
    richard.coe@dbr.com
7   DRINKER BIDDLE & REATH LLP
    One Logan Square
8   18th & Cherry Streets
    Philadelphia, PA  19103-6996
9   Telephone:     (215) 988-2700
    Facsimile:     (215) 988-2757

10

    Attorneys for Defendants
11  THE VANGUARD GROUP, INC., and
    VANGUARD MARKETING CORPORATION

12

13                  UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15                   SAN FRANCISCO DIVISION

16

| | |
|---|---|
| 17   MAUREEN DWYER SWINDEN, TRUSTEE OF THE THOMAS R. | Case No. 09-03816 SI |
| 18   DWYER TRUST, | **MOTION OF DEFENDANTS THE VANGUARD GROUP, INC. AND** |
| 19                   Plaintiff, | **VANGUARD MARKETING CORPORATION TO DISMISS AMENDED** |
| 20          v. | **COMPLAINT; BRIEF IN SUPPORT OF MOTION** |
| 21   THE VANGUARD GROUP, INC., et al., | |
| 22                   Defendants. | Date:        January 15, 2010 |
| 23 | Time:        9:00 a.m. Courtroom: 10, 19th Floor Judge:        Honorable Susan Illston |

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................ 1

II.     BACKGROUND AND PROCEDURAL HISTORY .......................................... 3

III.    LEGAL STANDARD .................................................................................... 5

IV.     ARGUMENT ................................................................................................ 6

        A.      PLAINTIFF DOES NOT HAVE STANDING TO BRING THIS ACTION ......... 6

        B.      VANGUARD HAD NO CONTRACTUAL OBLIGATION TO OBTAIN
                THE APPROVAL OF BOTH CO-TRUSTEES BEFORE AUTHORIZING
                AN ELECTRONIC REDEMPTION. .................................................. 8

        C.      VANGUARD DID NOT HAVE AN EXTRACONTRACTUAL DUTY
                TO PREVENT REDEMPTIONS FROM THE TRUST ACCOUNT. ................ 10

                1.      Plaintiff's Negligence Claim Must Be Dismissed Because
                        Vanguard Did Not Owe Plaintiff a Duty to Prevent the
                        Redemptions in Question. ............................................. 11

                        a.      Vanguard Is Not a Bank and *Bullis* and *Danning* Are
                                Inapposite. ........................................................ 11

                        b.      Plaintiff's Reading of *Bullis* and *Danning* Cannot Be
                                Reconciled with *Erlich* .................................... 12

                2.      A Single Investment Recommendation Would Not Establish a
                        Fiduciary Duty. .......................................................... 13

        D.      PLAINTIFF'S CLAIM FOR PARTICIPATION IN A BREACH OF
                TRUST FAILS BECAUSE VANGUARD DID NOT FINANCIALLY
                BENEFIT FROM ITS ALLEGED PARTICIPATION IN THE BREACH
                AND IT HAD NO KNOWLEDGE OF THE BREACH. ................................ 15

                1.      Vanguard Received No Financial Benefit from Its Alleged
                        Participation in Ms. Slichter's Supposed Breach of Trust. ........ 15

                2.      Vanguard Had No Knowledge of Ms. Slichter's Alleged Breach of
                        Trust. ....................................................................... 16

V.      CONCLUSION ............................................................................................ 19

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT
SF01/ 664031.3
- i -
CASE NO. 09-03816 SI

## <u>TABLE OF AUTHORITIES</u>

PAGE(S)

### CASES

*Anton v. Anton*
    763 So. 2d 404 (Fla. Dist. Ct. App. 2000) ........................................................ 7

*Apollo Capital Fund LLC v. Roth Capital Partners, LLC*
    70 Cal. Rptr. 3d 199 (Cal. Ct. App. 2007) ...................................................... 14

*Ashcroft v. Iqbal*
    129 S. Ct. 1937 (2009) .................................................................................. 5, 6

*Ayala v. World Sav. Bank, FSB*
    616 F. Supp. 2d 1007 (C.D. Cal. 2009) ............................................................. 8

*Baron v. Arizona*
    270 F. App'x 706 (9th Cir. 2008) ...................................................................... 8

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ...................................................................................... 5, 6

*Brown v. Port of Oakland*
    No. 08-2358, 2008 U.S. Dist. LEXIS 93484 (N.D. Cal. Nov. 17, 2008)............ 6

*Bullis v. Sec. Pac. Nat'l Bank*
    582 P.2d 109 (Cal. 1978) ................................................................................ 11

*Casey v. U.S. Bank Nat'l Ass'n.*
    26 Cal. Rptr. 3d 401 (Cal. Ct. App. 2005) ...................................................... 17

*Chance World Trading E.C. v. Heritage Bank of Commerce*
    438 F. Supp. 2d 1081 (N.D. Cal. 2005) ..................................................... 17, 18

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
    80 Cal. Rptr. 2d 329 (Cal. Ct. App. 1998) ................................................. 15, 16

*Dale v. Gordon*
    No. 02-269, 2003 U.S. Dist. LEXIS 2746 (N.D. Cal. Feb. 21, 2003) ............... 6

*Danning v. Bank of Am.*
    199 Cal. Rptr. 163 (Cal. Ct. App. 1984) ......................................................... 11

*Doctors' Co. v. Superior Court*
    260 Cal. Rptr. 183 (Cal. Ct. App. 1989) ......................................................... 16

*Erlich v. Menezes*
    981 P.2d 978 (Cal. 1999) ..................................................................... 10, 11, 12

*Gilead Scis., Inc. v. St. Clare*
    129 S. Ct. 1993 (2009) ...................................................................................... 6

*Griffin v. Ramtek Corp.*
    No. 88-20195, 1988 U.S. Dist. LEXIS 16344 (N.D. Cal. Nov. 22, 1988) ....... 18

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT
SF01/ 664031.3

- ii -

CASE NO. 09-03816 SI

*In re Rexplore, Inc. Sec. Litig.*
    685 F. Supp. 1132 (N.D. Cal. 1988) ............................................................ 13

*Inlandboatmens Union of the Pac. v. Dutra Group*
    279 F.3d 1075 (9th Cir. 2002) .................................................................... 8

*Intervest Mortgage Inv. Co. v. Jones-Skidmore*
    No. 08-1543, 2008 U.S. Dist. LEXIS 101979 (E.D. Cal. Nov. 24, 2008) ........................ 13

*King v. Johnston*
    ___ Cal. Rptr. ___, No. D054136, 2009 Cal. App. LEXIS 1796 (Cal. Ct. App.
Nov. 9, 2009) ................................................................................ 16

*Leboce, S.A. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
    709 F.2d 605 (9th Cir. 1983) ............................................................ 13, 14

*Petersen v. Sec. Settlement Corp.*
    277 Cal. Rptr. 468 (Cal. Ct. App. 1991) .................................................... 15

*Pierce v. Lyman*
    3 Cal. Rptr. 2d 236 (Cal. Ct. App. 1991) ................................................. 16, 17

*Rejects Skate Magazine, Inc. v. Acutrack, Inc.*
    No. 06-2590, 2006 U.S. Dist. LEXIS 63157 (N.D. Cal. Aug. 22, 2006) ......................... 10

*Resolution Trust Corp. v. Azevedo*
    No. 92-1304, 1993 U.S. Dist. LEXIS 20233 (N.D. Cal. Oct. 4, 1993) .......................... 13

*Roy Supply, Inc. v. Wells Fargo Bank*
    46 Cal. Rptr. 2d 309 (Cal. Ct. App. 1995) .................................................. 11

*Savage v. Council on Am.-Islamic Relations, Inc.*
    No. 07-6076, 2008 U.S. Dist. LEXIS 60545 (N.D. Cal. July 25, 2008) .......................... 6

*Sonoma Foods, Inc. v. Sonoma Cheese Factory*, LLC
    634 F. Supp. 2d 1009 (N.D. Cal. 2007) ...................................................... 10

*St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*
    536 F.3d 1049 (9th Cir. 2008) ............................................................... 6

*Step-Saver Data Sys., Inc. v. Wyse Tech.*
    939 F.2d 91 (3d Cir. 1991) .................................................................. 10

*Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Group*
    49 Cal. Rptr. 3d 609 (Cal. Ct. App. 2006) .................................................. 10

*Trustman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
    No. CV 82-6701, 1985 U.S. Dist. LEXIS 23154 (C.D. Cal. Jan. 24, 1985) ...................... 13

*Tubbs v. Warden*
    No. 01-843, 2001 U.S. Dist. LEXIS 16942 (N.D. Cal. Oct. 15, 2001) .......................... 18

*Usher v. Los Angeles*
    828 F.2d 556 (9th Cir. 1987) ................................................................. 6

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT
SF01/ 664031.3

- iii -

CASE NO. 09-03816 SI

*Warren v. Fox Family Worldwide, Inc.*
    328 F.3d 1136 (9th Cir. 2003)..................................................................... 8

*Wolf v. Mitchell, Silberberg & Knupp*
    90 Cal. Rptr. 2d 792 (Cal. Ct. App. 1999) ................................................ 7, 17

### STATUTES, RULES & REGULATIONS

Cal. Prob. Code § 15620 ........................................................................................ 7

Fed. R. Civ. P. 12(b)(6).................................................................................... 1, 5

### OTHER AUTHORITIES

Bogert, *Law of Trusts and Trustees* § 868 (rev. 2d ed. 1995)......................... 17

Bogert, *Trusts & Trustees* § 554 (2d ed. 1982)................................................. 7

Restatement (Second) of Trusts § 326 (1959) ................................................. 17

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT
SF01/ 664031.3

- iv -

CASE NO. 09-03816 SI

1   TO PLAINTIFF MAUREEN DWYER SWINDEN AND HER ATTORNEY OF RECORD:

2          PLEASE TAKE NOTICE that on January 15, 2010 at 9:00 a.m. or as soon thereafter as

3   the matter may be heard before the Honorable Susan Illston, in Courtroom 10, 19th Floor, of the

4   above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants

5   The Vanguard Group, Inc. and Vanguard Marketing Corporation (collectively "Vanguard") will

6   and hereby do move to dismiss Plaintiff's Amended Complaint with prejudice pursuant to Federal

7   Rule of Civil Procedure 12(b)(6).

8          Vanguard brings this motion to dismiss on the grounds that (1) Plaintiff's breach of

9   contract claim (her Fifth Cause of Action) fails as a matter of law because the contractual

10  obligation she seeks to enforce is not required by the parties' alleged agreements; (2) Plaintiff's

11  tort claims against Vanguard (her Sixth and Seventh Causes of Actions) must be dismissed

12  because they merely restate her contract claim, and Plaintiff fails to allege that Vanguard owes

13  her any duties beyond those set forth in the parties' alleged agreements; (3) Plaintiff's aiding and

14  abetting claims (her Second and Fourth Causes of Action) must be dismissed because Plaintiff

15  does not allege that Vanguard was aware of Plaintiff's co-trustee's alleged breach of trust and

16  breach of fiduciary duty and that Vanguard profited from those alleged breaches; and (4)

17  Alternatively, Plaintiff's Complaint fails as a matter of law because Plaintiff does not have

18  standing to bring claims on behalf of a trust against an innocent third-party without the consent of

19  at least one of her two co-trustees.

20         This motion is based upon this Notice of Motion and Motion, the Memorandum of Points

21  and Authorities, the Court's October 21, 2009 Order, all other matters with respect to which the

22  Court may take judicial notice, all papers and pleadings on file or deemed to be on file herein, and

23  such other documents, arguments and evidentiary matters as may be presented at the hearing.

24                      **MEMORANDUM OF POINTS AND AUTHORITIES**

25                                          **I.**

26                                   **INTRODUCTION**

27         Plaintiff Maureen Dwyer Swinden's ("Plaintiff") Amended Complaint confirms that

28  defendants The Vanguard Group, Inc. and Vanguard Marketing Corporation (collectively

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT                           - 1 -                    CASE NO. 09-03816 SI

"Vanguard")[1] are innocent bystanders to a dispute between two sisters over control of their father's trust. While the Amended Complaint now explicitly alleges that Plaintiff's sister, Sally D. Slichter, breached her fiduciary duty to the Thomas R. Dwyer Trust ("Trust") and provides more details about the history of the Trust, it fails to add any relevant or material factual allegations that could sustain Plaintiff's claims against Vanguard or address the multiple deficiencies that led the Court to dismiss Plaintiff's original Complaint. Rather, for four fundamental reasons, all of Plaintiff's claims against Vanguard should be dismissed – with prejudice.

First, albeit for a different reason, Plaintiff still does not adequately allege that she has standing to assert claims against Vanguard on behalf of the Trust. The Trust instrument that Plaintiff attached to the Amended Complaint states that the Trust is required to have three co-trustees and that the approval of *two* of the *three* co-trustees is necessary before commencing litigation. Absent the consent of one more of her co-trustees (and no such consent is alleged), Plaintiff has no standing to bring any of her claims against Vanguard.

Second, Plaintiff relies on the same documents cited in her initial Complaint and prior briefing in support of her breach of contract claim. The Court already has ruled specifically that these alleged agreements between the Trust and Vanguard did not require Vanguard to obtain Plaintiff's consent before honoring the transaction requests of her sister. The breach of contract claim therefore fails as a matter of law.

Third, recognizing that her contractual theory falls short, Plaintiff once again improperly recasts her claims in tort. But Plaintiff does not allege that Vanguard owes her any fiduciary or other extra-contractual duties, and allowing her tort claims to proceed would violate the long-standing rule that a plaintiff may not recover in tort for the breach of duties that merely restate contractual obligations. Accordingly, Plaintiff's breach of fiduciary duty and negligence causes of action are fatally flawed.

---

[1] Vanguard Brokerage Services was dismissed as a defendant without prejudice by a stipulation that was approved by the Court on November 19, 2009. (Doc. No. 33).

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT
SF01/ 664031.3
- 2 -
CASE NO. 09-03816 SI

1    Fourth, Plaintiff's newly alleged aiding and abetting claims are not viable because

2    Plaintiff has not alleged, and could not allege, that Vanguard profited from its alleged

3    participation in Plaintiff's sister's breach of trust or fiduciary duty or that Vanguard knew about

4    these supposed breaches.

5    For all of these reasons, addressed in detail below, Plaintiff's second attempt to drag

6    Vanguard into her family squabble fails as a matter of law, and Vanguard's motion should be

7    granted.

8    **II.**

9    <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

10   On or about July 2, 2009, nearly three years after the alleged wrongdoing in this case

11   occurred, Plaintiff filed this action in the Superior Court of California for Contra Costa County,

12   seeking the return of approximately $200,000 allegedly misappropriated from a trust account of

13   which she was a co-trustee and beneficiary.  Plaintiff initially named only Vanguard as a

14   defendant, rather than her co-trustee sister who allegedly appropriated the funds to her personal

15   account.  On August 19, 2009, Vanguard removed the action to this Court, on diversity grounds.

16   On October 21, 2009, the Court issued an Order granting Vanguard's motion to dismiss

17   on standing grounds as well as for failure to state claims for breach of contract, breach of

18   fiduciary duty, negligence, professional negligence, and mistake (Doc. No. 23) ("Order").  The

19   Court dismissed Plaintiff's mistake claim with prejudice and gave Plaintiff leave to amend with

20   respect to the remaining claims.  In response, Plaintiff filed an Amended Complaint on November

21   5, 2009, which added her sister, Ms. Slichter, and additional Vanguard entities as defendants and

22   asserted additional claims against Vanguard (Doc. No. 24).

23   The Amended Complaint recounts the long (and largely irrelevant) history of the Trust.

24   For purposes of the present motion, the following allegations are material:  The Trust was

25   admitted to probate on November 29, 1979, and provided for payments to Thomas R. Dwyer's

26   former wife and his second wife.  (See Will of Thomas Robert Dwyer ("Will"), attached to Pl.'s

27   Compl. as Ex. A, ¶ VIII(A)(3)).  His two daughters – Plaintiff and Ms. Slichter – were also to

28   receive payments if there was net income remaining after the distributions to the wives.  (Am.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT                              - 3 -                    CASE NO. 09-03816 SI
SF01/ 664031.3

1    Compl. ¶ 4, Ex. A ¶ VIII(A)(3)).  Mr. Dwyer's Will appointed three co-trustees – Plaintiff, Ms.

2    Slichter, and Thomas S. Herman.  Significantly, the Will requires "that there shall at all times be

3    three duly appointed, qualified and acting co-trustees." (*Id.* ¶ 4, Ex. A ¶ XV).  The Will states

4    that the Trust should be divided into two equal shares upon the death of Mr. Dwyer's second

5    wife. (*Id.* ¶ 4).[2]  Although Mr. Dwyer's second wife died over a year ago, on September 17,

6    2008, Plaintiff and her co-trustees have not yet divided the Trust. (*Id.* ¶ 4).

7         In October of 2000, the co-trustees decided to invest Trust's assets with Vanguard, and

8    Plaintiff and Ms. Slichter signed a New Account Application for Nonretirement Accounts on

9    October 20, 2000, which was approved by Vanguard on October 25, 2000. (*Id.* ¶ 5, Ex. B).  On

10   January 4, 2001, Vanguard "completed its investment recommendations" for the Trust and

11   suggested a time for a conference call to review the recommendations.  (*Id.* ¶ 7, Ex. D (Letter

12   from Barnes to Slichter-Jones and Swinden of Jan. 4, 2001)).  Plaintiff does not identify any other

13   "recommendations" allegedly made by Vanguard to the Trust. (*Id.* ¶ 7).

14        Shortly thereafter, the co-trustees set up four automatic, monthly withdrawals from the

15   Trust's account with Vanguard for payments to Mr. Dwyer's first and second wives, Plaintiff and

16   Ms. Slichter. (*Id.* ¶ 8).  In September of 2001, a dispute arose between Plaintiff and Ms. Slichter

17   and their stepmother, Mr. Dwyer's second wife. (*Id.* ¶ 10).  With the approval of the Trust's third

18   co-trustee at that time, an investment adviser named Gerald P. Kirkland, the Trust ceased

19   payments to the second wife.  (*Id.*).  Payments to the second wife were restored at a later date.

20   (*Id.*).

21        Approximately four years later, Plaintiff and Ms. Slichter submitted a Vanguard

22

23        [2] The Amended Complaint improperly states that it "is clear from the trust instrument
     [that it] is trustor's intent that Sally and Maureen should share equally in the income and principal

24   of the trust." (*Id.* ¶ 4).  To the contrary, the Will (referred to by Plaintiff as the "trust instrument")
     provides that the principal should be preserved for and distributed to Plaintiff's and Ms. Slichter's

25   ***children*** (i.e., Mr. Dwyer's ***grandchildren***).  (Id., Ex. A ¶¶ IX(2)(d), IX(3)(d)).  Ms. Slichter and
     Plaintiff are only to receive the net income, and the principal should only be invaded in case of

26   emergency, such as an illness, injury or accident, affecting either Mr. Dwyer's second wife before
     her death (*id.*, Ex. A ¶ VII(B)) or Plaintiff or Ms. Slichter after the second wife's death and the

27   division of the Trust (*id.*, Ex. A ¶¶ IX(2)(b), IX(3)(b)).

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT                                    - 4 -                        CASE NO. 09-03816 SI
SF01/ 664031.3

1    Checkwriting Application form to Vanguard.  (*Id.* ¶ 11, Ex. I (Checkwriting Application)).  On

2    this Application, Plaintiff and Ms. Slicther designated that two signatures were required for the

3    cashing of a check on the Trust's account.  (*Id.*).

4         On July 5 and 6, 2006, allegedly without the prior knowledge or approval of Plaintiff, Ms.

5    Slichter electronically transferred $190,655 to her personal account.  (*Id.* ¶ 12).[3]  Plaintiff claims

6    that Ms. Slichter changed the computer code permitting access to the account shortly before or

7    after completing this transfer to prevent Plaintiff from learning about or preventing the transfer.

8    (*Id.* ¶ 13).  Based on these allegations, Plaintiff has asserted claims against her sister for breach of

9    trust (Count No. 1) and breach of fiduciary duty (Count No. 3) and against Vanguard for

10   participation in breach of trust (Count No. 2), participation in breach of fiduciary duty (Count No.

11   4), breach of contract (Count No. 5), negligent breach of fiduciary duty (Count No. 6), and

12   negligence (Count No. 7).

13                                                       **III.**

14                                             **LEGAL STANDARD**

15        Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure

16   to state a claim upon which relief can be granted[.]"  To survive a Rule 12(b)(6) motion to

17   dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

18   face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard

19   requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant

20   has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A plaintiff must provide

21   "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

22   will not do." *Twombly*, 550 U.S. at 555.  The plaintiff must allege facts sufficient to "raise a right

23

24        ───────────────────
          [3] The Amended Complaint states that these transfers were made by wire, but the March
     18, 2008 letter that Plaintiff attaches to her Complaint demonstrates that all transfers from the
25   Trust's account on July 5 and 6, 2006 were made by electronic transfer.  (Am. Compl. ¶ 12, Ex. G
     (Letter from Vanguard to Swinden of March 18, 2008)).  As will be discussed, whether the
26   transfers were made by wire or electronic transfer is immaterial to the resolution of this Motion as
     only the "Vanguard Checkwriting Application" contains a requirement that two signatures are
27   required for any particular type of fund transaction, and that requirement applies to checkwriting
     redemptions, not to wire transfers or electronic bank transfers.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT                                    - 5 -                    CASE NO. 09-03816 SI
SF01/ 664031.3

1    to relief above the speculative level." *Id.*

2         In deciding whether the plaintiff has stated a claim, the Court must assume that the

3    plaintiff's allegations are true and must draw all reasonable inferences in his or her favor.  *Usher*

4    *v. Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the Court is not required to accept

5    as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

6    inferences."  *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055

7    (9th Cir. 2008), cert. denied, *Gilead Scis., Inc. v. St. Clare*, 129 S. Ct. 1993 (2009).  Moreover,

8    "the tenet that a court must accept as true all of the allegations contained in a complaint is

9    inapplicable to legal conclusions."  *Iqbal*, 129 S. Ct. at 1949.

10        When considering a motion on the pleadings, courts may consider exhibits submitted or

11   referenced in the complaint and matters that may be judicially noticed pursuant to Federal Rule of

12   Evidence 201.  *Savage v. Council on Am.-Islamic Relations, Inc.*, No. 07-6076, 2008 U.S. Dist.

13   LEXIS 60545, at *6 (N.D. Cal. July 25, 2008).  Indeed, documents specifically referred to in a

14   complaint, though not physically attached to the pleading, may be considered where authenticity

15   is unquestioned.  *Id.*

16        If a plaintiff is granted leave to amend after a complaint is dismissed, and the amended

17   complaint fails to remedy the deficiencies cited by the Court's dismissal order, the second

18   dismissal should be with prejudice.  *Brown v. Port of Oakland*, No. 08-2358, 2008 U.S. Dist.

19   LEXIS 93484, at *4 (N.D. Cal. Nov. 17, 2008) (dismissing with prejudice after amendment failed

20   to cure deficiencies); *Dale v. Gordon*, No. 02-269, 2003 U.S. Dist. LEXIS 2746, at *3-*5 (N.D.

21   Cal. Feb. 21, 2003) (same; declaring that "[c]ourts have particularly broad discretion where

22   plaintiff has previously amended the complaint").

23                                        **IV.**

24                                    **ARGUMENT**

25   A.    **PLAINTIFF DOES NOT HAVE STANDING TO BRING THIS ACTION.**

26        In its Order granting Vanguard's Motion to Dismiss the original Complaint, the

27   Court ruled that Plaintiff did not have standing to bring claims against Vanguard.  The Court held

28   that, if the power to maintain a legal action on behalf of the trust is vested in two or more trustees,

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Defts' Motion to Dismiss Amended
Complaint
SF01/ 664031.3                          - 6 -                      Case No. 09-03816 SI

1    it may only be exercised by their unanimous action "unless otherwise provided in the trust

2    instrument."  (Order at 3 (citing Cal. Prob. Code § 15620)).  While Plaintiff only identified two

3    co-trustees in her original Complaint (Compl. ¶ 1), the Will or Trust instrument she attached to

4    her Amended Complaint states that "there shall at all times be **three** duly appointed, qualified and

5    acting co-trustees."  (Am. Compl., Ex. A ¶ XV) (emphasis added).  The Will further provides

6    "any action taken by any two co-trustees shall be sufficient to bind the three co-trustees and the

7    trusts hereunder" (*id.*, Ex. A ¶ XIX) and vests the trustees with a number of specifically

8    enumerated powers, including the power to commence litigation with respect to the Trust or any

9    property of the Trust (*id.*, Ex. A ¶ XI(7)).  Plaintiff does not allege that she obtained the approval

10   of her co-trustee sister or the third trustee to bring this action against Vanguard.  To the contrary,

11   in an apparent breach of the Trust, the Complaint states that there have only been two co-trustees

12   since 2003.  (Am. Compl. ¶ 10).

13       "One who appoints several trustees to manage a trust is deemed to express a desire to have

14   the benefit of the wisdom and skill of all in every act of importance under the trust."  Bogert,

15   *Trusts & Trustees* § 554 (2d ed. 1982).  Mr. Dwyer appointed three trustees, perhaps to avoid a

16   quarrel between his daughters such as the one here, and allowing only one daughter to bring this

17   suit would be contrary to his intent in establishing the Trust as expressed in his Will.  Without the

18   consent of at least one more trustee, Plaintiff does not have standing to bring this action and the

19   Amended Complaint must be dismissed.  (Order at 3 (citing Cal. Prob. Code § 15620)); *Anton v.*

20   *Anton*, 763 So. 2d 404, 407 (Fla. Dist. Ct. App. 2000) (relying consent of two trustees to sue third

21   trustee under statute allowing majority of trustees to act for trust).[4]

22   _____

23       [4] In her surreply memorandum in opposition to Vanguard's motion to dismiss the original
     Complaint ("Surreply"), Plaintiff argued that the rules of standing should be "relaxed" when a
24   third party is sued for damages arising from the breach of trust by a co-trustee, relying on *Wolf v.*
     *Mitchell, Silberberg & Knupp*, 90 Cal. Rptr. 2d 792 (Cal. Ct. App. 1999).  (Surreply at 8).  But
     *Wolf* did not relax the rules of ***trustee*** standing; rather, it held that a ***beneficiary*** may bring an
25   action against a third party who is aware of a trustee's breach of trust, actively participates in the
     breach of trust, and participated for his or her own financial gain.  *Wolf*, 90 Cal. Rptr. 2d at 798.
26   Even Plaintiff has acknowledged that the purpose of this exception is to prevent a "complicit" or
     "negligent" third party from being immunized by a trustee's breach.  (Surreply at 8).  As
27   explained below in the section addressing Plaintiff's claims for participation in breach of trust and
     participation in breach of fiduciary duty, this exception does not apply in this case because

28                                                                                          (Continued)

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT                              - 7 -                    CASE NO. 09-03816 SI
SF01/ 664031.3

1

**B.      VANGUARD HAD NO CONTRACTUAL OBLIGATION TO OBTAIN THE APPROVAL OF BOTH CO-TRUSTEES BEFORE AUTHORIZING AN ELECTRONIC REDEMPEMPTION.**

2

3          Plaintiff's breach of contract cause of action again fails because the contractual obligation

4    she seeks to enforce is not contained in the alleged agreement between the Trust and Vanguard.

5    Plaintiff contends that the agreement, "as reflected in the attached documents," required

6    Vanguard to seek her approval before allowing a wire redemption by her Co-Trustee.  (Am.

7    Compl. ¶ 5.)  This contention is belied by the very documents she references.

8          When ruling on a motion to dismiss, a court may consider documents outside of the

9    complaint if their authenticity is undisputed and the complaint specifically refers to the document

10   or it forms the basis of the plaintiff's claim.  *Inlandboatmens Union of the Pac. v. Dutra Group*,

11   279 F.3d 1075, 1083 (9th Cir. 2002).  When the allegations of the complaint are contradicted by

12   the documents attached to the complaint, the court may rely on those documents in granting the

13   motion to dismiss.  *Ayala v. World Sav. Bank, FSB*, 616 F. Supp. 2d 1007, 1015 (C.D. Cal. 2009);

14   *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not

15   required to accept as true conclusory allegations which are contradicted by documents referred to

16   in the complaint.").  Thus, for example, the Ninth Circuit affirmed the dismissal of a breach of

17   contract claim, despite an employee's allegation that she was required to receive an evaluation

18   before termination, because the language of the employment agreement upon which she relied

19   stated otherwise.  *See Baron v. Arizona*, 270 F. App'x 706, 709 (9th Cir. 2008).

20         Here, the contractual documents that Plaintiff attaches to her Amended Complaint consist

21   of a "New Account Application for Nonretirement Accounts", a "Securities Account Agreement",

22   a "Vanguard Wire Redemption Service" form, and a "Vanguard Checkwriting Application."  The

23   Court specifically considered all four of these documents in granting Vanguard's motion to

24   dismiss the original Complaint.  (Order at 4) ("The Court finds that all four documents forming

25   _____

     (Continued)

26   Vanguard did not receive a financial benefit from Ms. Slichter's alleged transactions and was not
     aware of Ms. Slichter's alleged breach of trust or fiduciary duty.  Thus, Plaintiff does not have

27   standing to bring this action as a beneficiary of the Trust.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT                                    - 8 -                        CASE NO. 09-03816 SI
SF01/ 664031.3

1   the parties' agreements are appropriate for consideration in ruling on defendants' motion to

2   dismiss.").  Among other things, the Court found that the Wire Redemption Service form does not

3   require Vanguard to obtain the consent or signature of both Plaintiff and Ms. Slichter before

4   authorizing wire transfers and that the Checkwriting Application's two-signature requirement

5   should not be imported into the Wire Redemption Service form.  (*Id.* at 5-6).  The Court further

6   found that the language of the Securities Account Agreement upon which Plaintiff relied in

7   opposing Vanguard's motion to dismiss and upon which she now relies in her Amended

8   Complaint (see Am. Compl. ¶¶ 6, 11, 12; Surreply at 3-4) applied to checks sent **by Vanguard**

9   and not to checks or wire transfers drawn on the account **by the co-trustees**.  (Order at 6).  Based

10  on these findings, the Court ruled that Vanguard was not required to obtain the consent of both

11  trustees before honoring a redemption from the Trust account, and that Plaintiff therefore did not

12  state a plausible claim for relief under either Pennsylvania or California contract law.  (*Id.*).

13       Plaintiff relies on the same documents and same arguments in her Amended Complaint as

14  she did in opposing Vanguard's motion to dismiss her first Complaint.  The breach of contract

15  claim in her Amended Complaint should therefore be dismissed for the same reasons that caused

16  the Court to dismiss this cause of action the first time around.  As the Court correctly held, the

17  parties' alleged agreements do not require Vanguard to obtain two signatures before honoring a

18  redemption request.

19       In her Amended Complaint, Plaintiff makes the conclusory assertion that a "course of

20  dealing" required Vanguard to obtain the consent of two co-trustees before redeeming assets from

21  the Trust account.  (Am. Compl. ¶ 25).  This "course of dealing" is not specified in Plaintiff's

22  contract count, and the only two factual allegations that even appear to relate to it are the

23  allegations that (1) two of the three trustees agreed on the initial distribution of trust funds at

24  some identified point early in 2001 (*id.* ¶ 8), and (2) all three trustees sent one letter in September

25  2001 asking Vanguard to discontinue payments to Mr. Dwyer's second wife (*id.* ¶ 10, Ex. H

26  (Letter from Swinden, Slichter Jones and Kirkland to Walker of Sep. 5, 2001)).  Notably, Plaintiff

27  does not allege that Vanguard agreed that two or three signatures were required on either of these

28  two occasions.  In fact, Plaintiff does not even allege that she informed Vanguard on either

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT
SF01/ 664031.3                              - 9 -                    CASE NO. 09-03816 SI

1    occasion that two or more signatures should be required.  Thus, even if these allegations were

2    accepted as true, it is settled law that a true "course of dealing" cannot be based on the unilateral

3    actions or offers of one party that are not accepted by the other party.  *Step-Saver Data Sys., Inc.*

4    *v. Wyse Tech.*, 939 F.2d 91, 104 (3d Cir. 1991) (holding that unilateral acts of repeatedly

5    proposing additional terms to an agreement are insufficient to establish a course of dealing).

6    Moreover, the allegation that Plaintiff and her sister both signed letters sent to Vanguard does not

7    establish a "course of dealing" in which Vanguard agreed that two signatures should be required

8    for redemptions from the Trust account.  Thus, Plaintiff's "course of dealing" allegation does not

9    save her contract claim.

10   **C.     VANGUARD DID NOT HAVE AN EXTRACONTRACTUAL DUTY TO
              PREVENT REDEMPTIONS FROM THE TRUST ACCOUNT.**

11

12          Despite the Court's prior rejection of Plaintiff's attempt to turn her breach of contract

13   claim into a tort case, Plaintiff again seeks to recast her contract theory into tort claims in her

14   Amended Complaint.  A plaintiff may not recover in tort where, as here, the defendant allegedly

     breached duties that are nothing more than contractual promises.  *Stop Loss Ins. Brokers, Inc. v.*
15
     *Brown & Toland Med. Group*, 49 Cal. Rptr. 3d 609, 612-13 (Cal. Ct. App. 2006).  As explained
16
     by the California Supreme Court in *Erlich v. Menezes*, 981 P.2d 978 (Cal. 1999), "[i]f every
17
     negligent breach of a contract gives rise to tort damages" the distinction between tort and contract
18
     remedies would be "meaningless."  *Id.* at 984.  In addition to doing so in this case already (Order
19
     at 7-9), this Court previously has dismissed both breach of fiduciary duty and negligence claims
20
     that merely restate breach of contract claims.  *See*, *e.g.*, *Sonoma Foods, Inc. v. Sonoma Cheese*
21
     *Factory*, LLC, 634 F. Supp. 2d 1009, 1021 (N.D. Cal. 2007) (dismissing fiduciary duty claim
22
     because "mere contractual relationships, without more, do not give rise to fiduciary
23
     relationships"); *Rejects Skate Magazine, Inc. v. Acutrack, Inc.*, No. 06-2590, 2006 U.S. Dist.
24
     LEXIS 63157, at *15 (N.D. Cal. Aug. 22, 2006) (dismissing negligence claim because "Plaintiffs'
25
     negligence claim merely restates its breach of contract claim.").  Because Vanguard did not owe
26
     Plaintiff a duty to prevent the redemption in question – either under the parties' contract, as a
27
     fiduciary, or otherwise – Plaintiff's negligence (Count 7) and breach of fiduciary duty (Count 6)
28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT
SF01/ 664031.3                          - 10 -                    CASE NO. 09-03816 SI

1  claims must be dismissed.

2      **1.     Plaintiff's Negligence Claim Must Be Dismissed Because Vanguard Did Not Owe Plaintiff a Duty to Prevent the Redemptions in Question.**

3

4      Plaintiff mistakenly relies on *Bullis v. Security Pacific National Bank*, 582 P.2d 109 (Cal.

5  1978) and *Danning v. Bank of America*, 199 Cal. Rptr. 163 (Cal. Ct. App. 1984) for the argument

6  that Vanguard had a tort duty to require the approval of two co-trustees before allowing a

7  redemption from the Trust.  Both cases are easily distinguished, and Plaintiff's overbroad reading

8  of them cannot be reconciled with the California Supreme Court's decision in *Erlich v. Menezes*,

9  981 P.2d 978 (Cal. 1999).

10     **a.     Vanguard Is Not a Bank and *Bullis* and *Danning* Are Inapposite.**

11     In both *Bullis* and *Danning*, the defendants were banks and allegedly cashed checks

12  without required signatures.  In *Bullis*, the court relied on California Commercial Code § 4103,

13  banking industry customs, and the defendant bank's own internal operating manual to determine

14  that the bank had breached a duty of care in honoring checks signed by only one trustee.  *Bullis*,

15  582 P.2d at 113 n.9, 114.  Section 4103 is part of the "Banks Deposits and Collection" section of

16  the Commercial Code.  Vanguard is not even alleged to be a bank,[5] and this is not a check-writing

17  case.  If it were, the "detailed statutory provisions governing the relationship between banks and

18  customers with respect to checks" might apply.  *Roy Supply, Inc. v. Wells Fargo Bank*, 46 Cal.

19  Rptr. 2d 309, 313 (Cal. Ct. App. 1995).  Furthermore, there is no allegation here that Vanguard

20  failed to comply with industry customs and its own procedures.  Thus, Plaintiff's reliance on

21  *Bullis* is completely misplaced.

22     *Danning* is equally distinguishable.  There, the parties' agreement required the signature

23  of either of two individuals – Maslansky or Haines – for a check over $10,000.  *Danning*, 199

24  Cal. Rptr. at 166.  The bank cashed a $250,000 check without a signature from *either* Maslansky

25

26     [5] The defendant Vanguard entities are (1) The Vanguard Group, Inc., an investment
management company that also serves as transfer agent to the Vanguard mutual funds, and (2)
Vanguard Marketing Corporation, a registered broker-dealer.  Neither is, or is even alleged to be,
a federal or state banking institution.

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT
SF01/ 664031.3                                                        - 11 -                          CASE NO. 09-03816 SI

1    or Haines "*and therefore did not comply with the written deposit contract*." *Id.* at 167 (emphasis

2    added).  Here, in contrast, the parties' alleged agreements did not require two signatures, and

3    Vanguard was not under a duty to obtain the consent of both trustees before clearing a redemption

4    via wire or electronic transfer.  To the contrary, the Securities Account Agreement for the

5    brokerage account makes clear that it is *Plaintiff's* responsibility to prevent unauthorized

6    transactions.  The "Order Entry Provisions" clause of the Agreement provides that Plaintiff

7    "acknowledge[s] responsibility for the confidentiality and use of the account numbers assigned to

8    me for all securities and other transactions initiated through these means."  (Ex. C at 2.)  It goes

9    on to state that "[a]ny orders communicated to [Vanguard] . . . will be considered to have been

10    sent by me."  (*Id.*)  Thus, far from supporting Plaintiff's argument that it was Vanguard's duty to

11    prevent the redemptions in question, these documents affirmatively show the opposite – that it

12    was Plaintiff's responsibility to police her account and the activities of her co-trustee.  Thus,

13    *Danning* does not support Plaintiff's argument that Vanguard breached a duty independent of the

14    parties' contract.

15
         **b.**      **Plaintiff's Reading of *Bullis* and *Danning* Cannot Be Reconciled with**
16                    ***Erlich*.**

17        In addition, Plaintiffs' interpretation of *Bullis* and *Danning* is contrary to the California

18    Supreme Court's decision in *Erlich*.  *Erlich* overruled earlier cases permitting tort recovery for

19    negligent breach of contract.  *Erlich* established that the remedy for a breach of contract is

20    generally limited to contract law, and recovery in tort is not permitted unless: "(1) the breach is

21    accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to

22    breach the contract are tortious, involving deceit or undue coercion or; (3) one party intentionally

23    breaches the contract intending or knowing that such a breach will cause severe, unmitigable

24    harm in the form of mental anguish, personal hardship, or substantial consequential damages."

25    *Erlich*, 981 P.2d at  984.  "Focusing on ***intentional*** conduct gives substance to the proposition

26    that a breach of contract is tortious only when some independent duty arising from tort law is

27    violated." *Id.* (emphasis added).  Because negligence is not an intentional tort, *Erlich* dictates that

28    Plaintiff's negligence cause of action be dismissed.

Defts' Motion to Dismiss Amended
Complaint            - 12 -            Case No. 09-03816 SI
SF01/ 664031.3

1    Indeed, to the extent that Plaintiff suggests that *Bullis* and *Danning* stand for the

2    proposition that a party can be held liable for negligent breach of contract or that a bank has a

3    duty independent of contract to act as  "reasonable bank," they were overruled by *Erlich*.  In

4    *Intervest Mortgage Investment Co. v. Jones-Skidmore*, No. 08-1543, 2008 U.S. Dist. LEXIS

5    101979 (E.D. Cal. Nov. 24, 2008), the court addressed this issue in dismissing negligence claims

6    brought against a financial institution (there, a bank).  *Id.*, at *8.  Despite an allegation that the

7    bank owed them a tort duty "separate and apart from its contractual obligations," the court stated

8    that the plaintiffs' negligence claims conflated tort and contract law.  *Id.* at *7-*8.  Relying on

9    *Erlich*, the court rejected an argument that there was a duty independent of contract to act

10   reasonably and dismissed negligence and gross negligence claims.  *Id.* at *10-*11.  For this

11   reason as well, Plaintiff's negligence claim fails as a matter of law.

12          **2.      A Single Investment Recommendation Would Not Establish a Fiduciary Duty.**

13          In dismissing the breach of fiduciary duty claim asserted in Plaintiff's original Complaint,

14   the Court stated that a claim for breach of fiduciary duty cannot be based on an alleged breach of

15   contract because a contractual relationship does not give rise to a fiduciary relationship.  (Order at

16   7).  The Court further stated that an investment manager is a fiduciary only when it actually

17   provides investment advice ***and*** has authority to make trades on a client's behalf.  (*Id.* at 8

18   (quoting *Leboce, S.A. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 709 F.2d 605, 607 (9th Cir.

19   1983)) ("It is where the agent 'for all practical purposes' controls the account that California law

20   imposes fiduciary obligations.")).  The Court's ruling was consistent with California law, which

21   does not impose a fiduciary duty on an investment adviser when the adviser does not have

22   discretionary authority over his or her client's account.  In other words, if the client initiates the

23   trades in the account, even if a broker "pushes the client to make some buys or sales," the broker

24   does not have a fiduciary duty to the investor.  *Resolution Trust Corp. v. Azevedo*, No. 92-1304,

25   1993 U.S. Dist. LEXIS 20233, at *8 (N.D. Cal. Oct. 4, 1993); *In re Rexplore, Inc. Sec. Litig.*, 685

26   F. Supp. 1132, 1143 (N.D. Cal. 1988) ("California courts impose fiduciary duties on a

27   stockbroker only in instances when the broker controls a plaintiff's account."); *Trustman v.*

28   *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. CV 82-6701, 1985 U.S. Dist. LEXIS 23154, at

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT                                      - 13 -                              CASE NO. 09-03816 SI
SF01/ 664031.3

1   *44 (C.D. Cal. Jan. 24, 1985) ("California courts only have imposed fiduciary duties on a

2   stockbroker when the broker served as an investment counselor and had authority to make trades

3   in the customer's accounts.") (internal quotations omitted).  "[T]he key factor in the existence of a

4   fiduciary relationship lies in control by a person over the property of another. . . . [T]he mere

5   placing of a trust in another person does not create a fiduciary relationship." *Apollo Capital Fund*

6   *LLC v. Roth Capital Partners, LLC*, 70 Cal. Rptr. 3d 199, 215 (Cal. Ct. App. 2007) (citations

7   omitted).

8        Despite broad and conclusory language that Vanguard controlled the investment of the

9   Trust's assets as a "practical matter," Plaintiff only points to one "recommendation" actually

10  made by Vanguard.  (Am. Compl. ¶ 7).  In the 2001 letter making this recommendation, which

11  Plaintiff attaches to her Amended Complaint, Vanguard's representative suggests a conference

12  call to discuss the recommendation, belying Plaintiff's conclusory assertion that Vanguard

13  exercised any control over the account.  (*Id.*, Ex. D (Letter from Barnes to Slichter-Jones and

14  Swinden of Jan. 4, 2001).[6]  More importantly, Plaintiff's self-serving characterization of her

15  relationship with Vanguard is flatly contradicted by the revelation that one of her co-trustees at

16  the time she received this recommendation from Vanguard, Gerald P. Kirkland, was an

17  investment adviser.  (*Id.* ¶ 10).  Thus, it is clear that Vanguard did not have authority to make

18  trades in the Trust account without the trustees' approval and therefore did not owe Plaintiff a

19  fiduciary duty.  Plaintiff only alleges that Vanguard made one investment recommendation in

20  2001 (more than five years before the events at issue in this action), which Plaintiff was free to

21  reject based on the advice of her professional investment adviser co-trustee. *See Leboce*, 709

22  F.2d at 607 (relying in part on fact that plaintiff's investments were managed by a professional

23  investment consultant who maintained control over account in dismissing a breach of fiduciary

24  duty claim).

25        [6] Although it cannot be considered by the Court in ruling on this motion to dismiss, it is
    worth noting that this letter was sent on the letterhead of Vanguard Asset Management and Trust
26  Services ("VAMTS"), an entity that is not a defendant in this lawsuit, and VAMTS terminated its
    with relationship with the Trust before 2006 when the redemptions at issue in this case were
27  allegedly made.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT
SF01/ 664031.3                    - 14 -                    CASE NO. 09-03816 SI

1   Because Plaintiff's conclusory allegations that Vanguard controlled Trust funds and acted

2   as an investment adviser with respect to the Trust are contradicted by the allegations of the

3   Amended Complaint, her breach of fiduciary duty claim (Count 6) must be dismissed.

4   **D.    PLAINTIFF'S CLAIM FOR PARTICIPATION IN A BREACH OF TRUST FAILS
        BECAUSE VANGUARD DID NOT FINANCIALLY BENEFIT FROM ITS
5       ALLEGED PARTICIPATION IN THE BREACH AND IT HAD NO
        KNOWLEDGE OF THE BREACH.**

6       Plaintiff's claims for participation in breach of trust (Claim No. 2) and participation in

7   breach of fiduciary duty (Claim No. 4) must be dismissed because Vanguard had no knowledge

8   of Ms. Slichter's alleged breaches of duties owed to the Trust and did not profit from her

9   breaches.

10      While the general rule is that only the trustees may bring an action on behalf of a trust,

11  there is an exception to this rule which allows a beneficiary to bring a direct action against a third

12  party in a narrow set of circumstances. *City of Atascadero v. Merrill Lynch, Pierce, Fenner &*

13  *Smith, Inc.*, 80 Cal. Rptr. 2d 329, 340 (Cal. Ct. App. 1998).  Under this exception, a beneficiary

14  may prosecute an action against a third party only when (1) the trustee has committed a breach of

15  trust; (2) a third person induced the trustee to commit the breach of trust, actively participated in

16  the breach, and/or aided or abetted the trustee in that breach;[7] (3) the third party acted with

17  knowledge of the trustee's breach; and (4) the third person acted for his or her own financial gain

18  or advantage. *Id.* at 341.  As the Amended Complaint does not sufficiently allege that the third or

19  fourth requirement for aiding and abetting liability is met here, Plaintiff's participation claims

20  fail.

21      **1.     Vanguard Received No Financial Benefit from Its Alleged Participation in
               Ms. Slichter's Supposed Breach of Trust.**

22

23      "Under California law, the right to sue a third party for participating in a fiduciary's

24  breach of trust is limited to situations in which the third party was acting for personal gain or in

25

26      _____

27      [7] California courts refer to "participation" in a breach of trust or breach of fiduciary duty
        and "aiding and abetting" a breach of trust or a breach of fiduciary duty interchangeably. *See*
        *City of Atascadero*, 80 Cal. Rptr. 2d at 340.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT
SF01/ 664031.3                          - 15 -                        CASE NO. 09-03816 SI

1   furtherance of his or her own financial advantage." City of Atascadero, 80 Cal. Rptr. 2d at 342;

2   Pierce v. Lyman, 3 Cal. Rptr. 2d 236, 242-43 (Cal. Ct. App. 1991) (citing Doctors' Co. v.

3   Superior Court, 260 Cal. Rptr. 183 (Cal. Ct. App. 1989)).  There is no allegation in this case that

4   Vanguard acted for its own personal gain or financial advantage.  To the contrary, the Amended

5   Complaint alleges that funds were "wired" to Ms. Slichter's personal account (Am. Compl. ¶ 12)

6   and that Ms. Slichter received a substantial benefit from this "withdrawal" of funds from the

7   Trust (Id. ¶ 17).[8]  Thus, even under Plaintiff's theory, it is Ms. Slichter, not Vanguard, who

8   benefited from her alleged breach of trust, so the aiding and abetting claims asserted against

9   Vanguard must be dismissed.

10          **2.      Vanguard Had No Knowledge of Ms. Slichter's Alleged Breach of Trust.**

11          To be liable to a beneficiary for participation in a breach of trust, a third party must also

12  have notice that a trustee is committing a breach of trust or knowingly aid the trustee in

13  committing a breach.  Wolf, 90 Cal. Rptr. 2d at 797 (citing Restatement (Second) of Trusts § 326

14  (1959) and Bogert, Law of Trusts and Trustees § 868 (rev. 2d ed. 1995)).  Allegations that the

15  defendant "knew or should have known" of the breach, standing alone, are insufficient to state a

16  cause of action for participation in the breach.  Pierce, 3 Cal. Rptr. 2d at 243.

17          In Casey v. U.S. Bank National  Association, 26 Cal. Rptr. 3d 401 (Cal. Ct. App. 2005),

18  the court dismissed a claim against a financial institution (a bank) for aiding and abetting a breach

19  of fiduciary duty because the plaintiff had failed to sufficiently allege that the bank had

20  knowledge of the primary breach.  Id. at 407, 412.  In Casey, there were allegations of substantial

21  misconduct by the bank, including allegations that it knew the fiduciaries were opening accounts

22  for fraudulent entities and cashing forged checks and even that the bank knew the fiduciaries

23

24          [8] Ironically, any recovery by Plaintiff in this action would be returned to the co-trustees
    and the Trust.  King v. Johnston, ___ Cal. Rptr. ___, No. D054136, 2009 Cal. App. LEXIS 1796,
25  at *30 n.13 (Cal. Ct. App. Nov. 9, 2009) (holding that recovery by beneficiary against a third-
    party who participated in breach of trust goes to trustees or trust).  Thus, if Plaintiff is successful,
26  her sister and co-trustee − who allegedly breached her duties to the Trust and who is in possession
    of the funds allegedly stolen from the Trust − would share in any recovery from Vanguard, a
27  third-party that was not aware of and did not benefit from Ms. Slichter's alleged breaches.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT
SF01/ 664031.3                               - 16 -                        CASE NO. 09-03816 SI

1   "were carrying large, unreported amounts of cash out of the bank in 'unmarked duffel bags.'"  *Id.*

2   at 409.  There were, however, no allegations that the bank was aware of the underlying wrong it

3   supposedly abetted − the looting of a debtor corporation.  *Id.* at 411-12.   As explained by the

4   Casey court:

5           [T]he complaint must allege the defendant's actual knowledge of
            the specific breach of fiduciary duty for which it seeks to hold the
6           defendant liable. The  Trustee's general allegation the banks knew
            the [fiduciaries] were involved in 'wrongful or illegal conduct' does
7           not constitute sufficient pleading that the banks had actual
            knowledge the [fiduciaries] were misappropriating funds from [the
8           debtor].

9   *Id.*

10          Similarly, in a case with facts that were less egregious but closer to the case at hand, the

11  court in *Chance World Trading E.C. v. Heritage Bank of Commerce*, 438 F. Supp. 2d 1081 (N.D.

12  Cal. 2005), *aff'd*, 263 F. App'x 630 (9th Cir. 2008), granted judgment for defendants on a claim

13  for participation in a breach of trust filed against a bank despite allegations that the bank violated

14  its own internal policies and failed to adhere to a two-signature requirement contained in the

15  parties' contract.  The *Chance World* court held that, as a matter of California law, the failure to

16  adhere to a two-signature requirement or follow other internal policies cannot constitute

17  knowledge that a fiduciary was engaged in any fraudulent activity.  *Id.* at 1086.  In so holding, the

18  court recognized that "[u]nder Casey, [plaintiff] must produce evidence that [defendant] had

19  actual knowledge of [the fiduciary's] crimes; it cannot rely on inferences drawn from sloppy

20  work by [defendant]."  *Id.*

21          As in *Chance World*, here there is no allegation that Vanguard, a financial institution,

22  violated its internal policies, and the parties' agreements did not require Vanguard to obtain the

23  approval of both trustees before authorizing a wire or electronic transfer.  Thus, the circumstantial

24  allegations of "knowledge" in this case are even less compelling than those in *Chance World* and

25  *Casey*, where the courts refused to allow aiding and abetting breach of fiduciary duty claims to

26  proceed.

27          Plaintiff's claim is not saved by her conclusory allegations that Vanguard "had knowledge

28  of the breach of trust" or "knowingly or negligently participated in the breach of trust," which

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT
SF01/ 664031.3                               - 17 -                    CASE NO. 09-03816 SI

1    allegations must not be considered under *Twombly*. (Am. Compl. ¶ 19). Even before *Twombly*,

2    conclusory allegations that a party "knew or should have known" were insufficient to meet the

3    actual knowledge standard required for aiding and abetting or participation liability. *See Tubbs v.*

4    *Warden*, No. 01-843, 2001 U.S. Dist. LEXIS 16942, at *2 (N.D. Cal. Oct. 15, 2001), *aff'd*, *Tubbs*

5    *v. Kelly*, 46 F. App'x 493 (9th Cir. 2002); *Griffin v. Ramtek Corp.*, No. 88-20195, 1988 U.S. Dist.

6    LEXIS 16344, at *2-*3 (N.D. Cal. Nov. 22, 1988). The "facts" Plaintiff alleges in support of her

7    argument that Vanguard had knowledge of Ms. Slichter's breach are similar to the generic

8    allegations of wrongful conduct rejected by Chance World and Casey. Plaintiff alleges that

9    Vanguard knew of the breach because there was no writing authorizing the redemptions, the

10   "payments" were larger than prior withdrawals, and the money was wired to Ms. Slichter's

11   personal account. (Am. Compl. ¶ 19). These allegations do not support an inference that

12   Vanguard actually knew Ms. Slichter was looting the Trust and that Vanguard decided to assist

13   Ms. Slichter in her breach of trust and breach of fiduciary duty. Because Plaintiff has not

14   sufficiently alleged that Vanguard actually knew about the purported breach of trust and sought to

15   aid Ms. Slichter in that breach, Plaintiff's aiding and abetting claims must be dismissed for this

16   additional and independent reason.

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT
SF01/ 664031.3                          - 18 -                         CASE NO. 09-03816 SI

1

2

**V.**

**CONCLUSION**

3

For all of the foregoing reasons, Vanguard respectfully requests that this Court grant its

4

Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

5

Dated: December 7, 2009                          DRINKER BIDDLE & REATH LLP

6

7

By:  /s/ S. Fey Epling
        S. Fey Epling

8

9

David J. Antczak (*pro hac vice*)
Richard E. Coe (*pro has vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square, 18th and Cherry Sts.
Philadelphia, PA 19103
Telephone: (215) 988-2700
Facsimile (215) 988-2757

10

11

12

Attorneys for Defendants
THE VANGUARD GROUP, INC., and
VANGUARD MARKETING
CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' MOTION TO DISMISS AMENDED
COMPLAINT
SF01/ 664031.3

- 19 -

CASE NO. 09-03816 SI