1   S. FEY EPLING (SBN #190025)
    fey.epling@dbr.com
2   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
3   San Francisco, CA  94105-2235
    Telephone:      (415) 591-7500
4   Facsimile:      (415) 591-7510

5   DAVID J. ANTCZAK (*admitted pro hac vice*)
    david.antczak@dbr.com
6   RICHARD E. COE (*admitted pro hac vice*)
    richard.coe@dbr.com
7   DRINKER BIDDLE & REATH LLP
    One Logan Square
8   18th & Cherry Streets
    Philadelphia, PA  19103-6996
9   Telephone:      (215) 988-2700
    Facsimile:      (215) 988-2757

10
    Attorneys for Defendants
11  THE VANGUARD GROUP, INC. and
    VANGUARD MARKETING CORPORATION
12

13                  UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15

16  MAUREEN DWYER SWINDEN,               Case No. C 09-03816 SI
    TRUSTEE OF THE THOMAS R.
17  DWYER TRUST,                         **REPLY MEMORANDUM OF POINTS
                                         AND AUTHORITIES IN SUPPORT OF
18              Plaintiff,               MOTION OF DEFENDANTS THE
                                         VANGUARD GROUP, INC. AND
19  v.                                   VANGUARD MARKETING
                                         CORPORATION TO DISMISS THE FIRST
20  THE VANGUARD GROUP, INC., et al.,    AMENDED COMPLAINT**

21              Defendants.              Date:      February 12, 2010
                                         Time:      9:00 a.m.
22                                       Courtroom: 10, 19th Floor
                                         Judge:     Honorable Susan Illston
23

24

25

26

27

28

DRINKER BIDDLE &
  REATH LLP
ATTORNEYS AT LAW     REPLY MEMO OF P&A'S ISO MOTION OF
 SAN FRANCISCO       DEFENDANTS TO DISMISS 1ST AMENDED COMPLAINT          CASE NO. C 09-03816 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT .................................................................................................................... 2

    A.    PLAINTIFF DOES NOT HAVE STANDING TO ASSERT ANY OF HER CLAIMS AGAINST VANGUARD. ............................................................ 2

        1.    Plaintiff Lacks The Required Consent of Another Co-Trustee to Bring Claims on Behalf of the Trust. ............................................................ 2

        2.    Plaintiff Cannot Assert Direct Claims Against Vanguard as a Trust Beneficiary Because Vanguard Did Not Actively Participate in and Benefit from Her Sister's Alleged Breaches. ............................................... 3

    B.    VANGUARD HAD NO DUTY TO OBTAIN THE AUTHORIZATION OF ALL CO-TRUSTEES BEFORE AUTHORIZING ELECTORNIC REDEMPTIONS FROM THE TRUST ACCOUNT ....................................... 4

        1.    Vanguard Had No Contractual Obligation to Obtain the Consent of All Co-Trustees Before Authorizing an Electronic Redemption. ............... 4

        2.    Plaintiff's Negligent Breach of Contract Claim Fails as a Matter of Law. ..................................................................................................... 5

        3.    Vanguard Does Not Owe Plaintiff a Fiduciary Duty. ................................. 6

III. CONCLUSION ................................................................................................................ 7

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION OF
DEFENDANTS TO DISMISS 1ST AMENDED COMPLAINT
    - i -    
CASE NO. C 09-03816 SI

1

## TABLE OF AUTHORITIES

2

**CASES**

3
*Apollo Capital Fund LLC v. Roth Capital Partners, LLC,*
70 Cal. Rptr. 3d 199 (Cal. Ct. App. 2007) ................................................................ 6

4
*Bullis v. Security Pacific National Bank,*
582 P.2d 109 (Cal. 1978) ........................................................................................... 5-6

5

6
*Casey v. U.S. Bank National Association,*
26 Cal. Rptr. 3d 401 (Cal. Ct. App. 2005) ................................................................ 3

7
*Chance World Trading E.C. v. Heritage Bank of Commerce,*
438 F. Supp. 2d 1081 (N.D. Cal. 2005) .................................................................... 3

8

9
*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
80 Cal. Rptr. 2d 329 (Cal. Ct. App. 1998) ............................................................. 3, 4

10
*Danning v. Bank of America,*
199 Cal. Rptr. 163 (Cal. Ct. App. 1984) ................................................................. 5-6

11

12
*Erlich v. Menezes,*
981 P.2d 978 (Cal. 1999) ........................................................................................... 5, 6

13
*Fidelity & Casualty Co. of New York v. Peoples National Bank,*
290 N.W. 305 (Minn. 1940) ....................................................................................... 5

14

15
*Leboce, S.A. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
709 F.2d 605 (9th Cir. 1983) ..................................................................................... 6

16
*Twomey v. Mitchum, Jones & Templeton,*
69 Cal. Rptr. 222 (Cal. Ct. App. 1968) ................................................................... 6, 7

17

18
*Warren v. Fox Family Worldwide, Inc.,*
328 F.3d 1136 (9th Cir. 2003) ................................................................................... 2

19
*Wolf v. Mitchell, Silberberg & Knupp,*
90 Cal. Rptr. 2d 792 (Cal. Ct. App. 1999) ............................................................. 3, 4

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION OF
DEFENDANTS TO DISMISS 1ST AMENDED COMPLAINT

- ii -

CASE NO. C 09-03816 SI

**I.**

**INTRODUCTION**

Plaintiff Maureen Dwyer Swinden's ("Plaintiff's") Opposition brief largely ignores the points and authorities that defendants The Vanguard Group, Inc. and Vanguard Marketing Corporation (collectively, "Vanguard") raised in their motion to dismiss. Her brief also fails to address the numerous deficiencies that this Court identified in its October 21, 2009 ruling dismissing her original Complaint, and it instead relies primarily on arguments that the Court previously rejected. As a threshold matter, all of Plaintiff's claims against Vanguard should be dismissed because Plaintiff has not even opposed Vanguard's argument that she lacks standing to assert claims on behalf of the Thomas R. Dwyer Trust ("Trust"). Similarly, Plaintiff's Opposition brief makes no effort to support her standing to bring direct claims as a Trust beneficiary against Vanguard, or to support her claims that Vanguard "participated" in the alleged breaches of trust and fiduciary duty of Plaintiff's sister and co-trustee, Sally D. Slichter.

But even if Plaintiff's now-undisputed lack of standing were ignored, each one of her claims against Vanguard would still fail as a matter of law. Her Opposition brief is devoid of any authority suggesting that Vanguard was required to obtain her approval before it honored the redemptions that Ms. Slichter made from the Trust account in July 2006. As the Court previously held, the obligation she now seeks to impose on Vanguard is not found in the parties' alleged contracts. And, Plaintiff does not allege any facts that would create such an obligation under the law of negligence or fiduciary duty. Moreover, governing California law prohibits Plaintiff from recasting her contract-based theory as claims for violation of tort law. For these reasons, explained in detail below, all of Plaintiff's claims against Vanguard should be dismissed with prejudice.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION OF
DEFENDANTS TO DISMISS 1ST AMENDED COMPLAINT        - 1 -        CASE NO. C 09-03816 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.

## ARGUMENT

**A.     PLAINTIFF DOES NOT HAVE STANDING TO ASSERT ANY OF HER CLAIMS AGAINST VANGUARD.**

> **1.     Plaintiff Lacks The Required Consent of Another Co-Trustee to Bring Claims on Behalf of the Trust.**

In its opening brief, Vanguard explained that the Trust instrument attached to Plaintiff's Amended Complaint requires the approval of two of the Trust's three co-trustees before commencing litigation on behalf of the Trust.  (Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Br.") at 6-7).  Plaintiff does not even oppose this argument, and neither her Amended Complaint nor her Opposition brief provides any explanation for her failure to obtain the consent of a second co-trustee.  While the Amended Complaint alleges that only Plaintiff and Ms. Slichter have been co-trustees since 2003 (Am. Compl. ¶ 10), this allegation should be disregarded by the Court in ruling on Vanguard's motion because it is flatly contradicted by the documents that Plaintiff attaches to her Complaint.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.2d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").  Indeed, the Trust instrument on which Plaintiff relies and which she attaches to the Complaint expressly requires that "there shall at all times be three duly appointed, qualified and acting co-trustees" (Am. Compl., Ex. A ¶ XV), and a March 19, 2007 letter authored by Plaintiff and attached to the Complaint identifies a third co-trustee, Charlie Swinden.  (*Id.* Ex. K (Mar. 19, 2007 Letter from M. Swinden to Vanguard)).  Thus, there were three co-trustees more than nine months after Ms. Slichter supposedly made her unauthorized redemptions, and, in any event, the Trust instrument requires that at least two of the co-trustees consent before litigation is brought on behalf of the Trust.  (*Id.* Ex. A ¶¶ XI(7), XIX).  As this Court previously recognized, Plaintiff's failure to obtain the consent of a second co-trustee – either Ms. Slichter or Mr. Swinden – deprives her of standing and warrants dismissal of all of her claims against Vanguard.  (Order Granting Def.'s Mot. to Dismiss, filed Oct. 21, 2009, at 3 (citing Cal. Prob. Code § 15620)).

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION OF
DEFENDANTS TO DISMISS 1ST AMENDED COMPLAINT

- 2 -

CASE NO. C 09-03816 SI

1

2

**2.      Plaintiff Cannot Assert Direct Claims Against Vanguard as a Trust Beneficiary Because Vanguard Did Not Actively Participate in and Benefit from Her Sister's Alleged Breaches.**

3

4

5

6

7

8

9

10

11

12

Plaintiff does not dispute that under California law, trust beneficiaries have standing to sue a third party directly only if the third party's participation in a breach of trust was "both active and for the purpose of advancing their own interests or financial advantage." (Defs.' Br. at 7 n.4 (citing *Wolf v. Mitchell, Silberberg & Knupp*, 90 Cal. Rptr. 2d 792, 798 (Cal. Ct. App. 1999)). Nor does she dispute that knowledge, active participation and financial benefit are also elements of her claims against Vanguard for participation in breach of trust (Claim No. 2) and participation in breach of fiduciary duty (Claim No. 4). (*Id.* at 15-18 (citing *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 80 Cal. Rptr. 2d 329, 340-41 (Cal. Ct. App. 1998)). She nevertheless fails to allege the facts necessary either to give her standing to sue Vanguard as a trust beneficiary or to support her two "participation" claims against Vanguard.

13

14

15

16

17

18

Plaintiff does not identify any allegations in the Complaint suggesting that Vanguard benefited in any way from Ms. Slichter's supposed breaches. Nor could she – under her theory of case, the funds that Ms. Slichter "secretly" misappropriated were allegedly deposited in Ms. Slichter's personal account. (Am. Compl. ¶ 17). Thus, only Ms. Slichter is alleged to have benefited from her alleged breaches of trust. For this reason alone, Plaintiff lacks beneficiary standing, and her two participation claims should be dismissed.

19

20

21

22

23

24

25

26

27

Plaintiff likewise makes no effort to address the heightened knowledge requirement for beneficiary standing or participation claims, as explicated in *Casey v. U.S. Bank National Association*, 26 Cal. Rptr. 3d 401 (Cal. Ct. App. 2005), and *Chance World Trading E.C. v. Heritage Bank of Commerce*, 438 F. Supp. 2d 1081 (N.D. Cal. 2005), and as discussed in Vanguard's opening brief. (See Defs.' Br. at 16-17). Plaintiff's bare assertion that Vanguard had "constructive knowledge" of Ms. Slichter's alleged breaches (Pl.'s Opp'n to Mot. to Dismiss Am. Compl. ("Opp'n") at 7) does not suffice under the applicable law. (Defs.' Br. at 16-18 (citing cases rejecting claims based on allegations that defendants "knew or should have known" of alleged wrongdoing)).

28

1    Plaintiff also does not allege that Vanguard actively participated in Ms. Slichter's alleged

2    breach of trust.  Instead, she merely argues that "a finder of fact may find that Vanguard was

3    guilty of negligence in leaving in place a software system which permitted one of two trustees to

4    unilaterally remove trust funds." (Opp'n at 8).[1]  But whether Vanguard should have maintained a

5    different software system is beside the point.  Vanguard's alleged "negligence" (which Vanguard

6    disputes) is a far cry from the "active participation" required to state viable claims.  *See Wolf*, 90

7    Cal. Rptr. 2d at 798; *City of Atascadero*, 80 Cal. Rptr. 2d at 340-41.  In fact, in her Opposition

8    brief, Plaintiff concedes that Vanguard did not participate in Ms. Slichter's alleged wrongdoing:

9    she argues that if Ms. Slichter redeemed the funds at issue by electronic transfer – a contention

10   supported by the documents attached to the Amended Complaint (see Am. Compl. Ex. G) – then

11   the redemptions would have been "without the present participation of anybody at Vanguard."

12   (Opp'n at 7).

13   Thus, Plaintiff does not allege any of the elements for standing to sue Vanguard as a Trust

14   beneficiary, and her Amended Complaint must be dismissed.  For the very same reasons,

15   Plaintiff's two participation claims against Vanguard fail as a matter of law.

16   **B.   VANGUARD HAD NO DUTY TO OBTAIN THE AUTHORIZATION OF ALL CO-TRUSTEES BEFORE AUTHORIZING ELECTORNIC REDEMPTIONS FROM THE TRUST ACCOUNT.**

18   **1.   Vanguard Had No Contractual Obligation to Obtain the Consent of All Co-Trustees Before Authorizing an Electronic Redemption.**

19   In support of her breach of contract claim (Claim No. 5), Plaintiff relies on the same

20   language of the Securities Account Agreement upon which she relied in opposing Vanguard's

21   motion to dismiss her initial Complaint.  (See Pl.'s Surreply, filed Oct. 16, 2009, at 3-4; Opp'n at

22   4-5).  This Court, however, has already rejected those arguments and held that the language in

23   question applies to checks sent *by Vanguard* and not to checks or transfers drawn on the account

24

25   [1] In support of this argument, Plaintiff attaches an "expert" opinion for the proposition that
26   it would have been "possible" or "feasible" for Vanguard to have such a software system. (Opp'n
     at Ex. A (Declaration Gordon E. Pelton)).  In addition to being irrelevant, this opinion is matter
27   outside the pleadings and should not be considered by the Court in ruling on a motion to dismiss.
     Fed. R. Civ. P. 12(d).

28

1   by *the trustees*.  (Order Granting Def.'s Mot. to Dismiss, Oct. 21, 2009, at 6).  Based on this

2   determination and its review of the same four contractual documents that Plaintiff attaches to her

3   Amended Complaint, the Court ruled that Vanguard was not required to obtain Plaintiff's consent

4   before honoring a redemption request from the Trust account made by her co-trustee, and that

5   Plaintiff, therefore, did not state a breach of contract claim under either Pennsylvania or

6   California law.  (*Id.* at 4-6).  Because Plaintiff's current arguments are simply a rehash of the

7   arguments that she previously (and unsuccessfully) advanced, the Court should again dismiss her

8   breach of contract claim for the reasons cited in its October 21, 2009 Order.

9        Nor should Plaintiff's cursory "course of dealing" argument change the Court's prior

10  conclusion.  Rather, as explained in Vanguard's opening brief, the mere allegation that all three

11  co-trustees signed a letter setting up automatic withdrawals in 2001 for an amount lower than Ms.

12  Slichter's redemptions in 2006 is not sufficient to establish a course of dealing under California

13  law.  (*See* Defs.' Br. at 9-10; Am. Compl. ¶ 10, Ex. H (Letter from Swinden, Slichter Jones and

14  Kirkland to Walker of Sep. 5, 2001)).[2]

15        **2.    Plaintiff's Negligent Breach of Contract Claim Fails as a Matter of Law.**

16       Plaintiff's Opposition brief does not explain how Plaintiff's negligence claim (Claim No.

17  7) can be reconciled with the California Supreme Court's decision in *Erlich v. Menezes*, 981 P.2d

18  978 (Cal. 1999).  Because negligence is not an intentional tort, *Erlich* makes clear that Plaintiff's

19  negligence cause of action fails as a matter of law:  "Focusing on *intentional* conduct gives

20  substance to the proposition that a breach of contract is tortious only when some independent duty

21  arising from tort law is violated."  *Id.* (emphasis added).

22       While conceding elsewhere in her Opposition that Vanguard is not a bank and that *Bullis*

23

24       [2] Plaintiff's lone citation to a 1940 case from Minnesota, *Fidelity & Casualty Co. of New York v. Peoples National Bank*, 290 N.W. 305 (Minn. 1940), in support of her "course of dealing" argument shows just how far she is reaching to support her flawed position.  In addition to being

25  non-precedential, *Fidelity & Casualty* is readily distinguishable because the lower court had made a finding that the bank defendant was a party to a written agreement requiring the signature of the

26  plaintiff and the administrator of an estate.  *Id.* at 306.  Here, in contrast, not only has the Court not made such a finding, it has already found that there are no written agreements requiring the

27  approval of two or more trustees for a redemption from the Trust account.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION OF
DEFENDANTS TO DISMISS 1ST AMENDED COMPLAINT       - 5 -       CASE NO. C 09-03816 SI

1   *v. Security Pacific National Bank*, 582 P.2d 109 (Cal. 1978) and *Danning v. Bank of America*,

2   199 Cal. Rptr. 163 (Cal. Ct. App. 1984), are therefore inapposite (Opp'n at 1-2), Plaintiff relies

3   only on these two cases in support of her negligence claim.  As Vanguard previously explained in

4   detail, however, *Bullis* and *Danning* do not apply because (a) neither Vanguard defendant is a

5   bank, (b) both cases are factually distinguishable, and (c) Plaintiff's broad interpretation of both

6   cases is inconsistent with the California Supreme Court's subsequent opinion in *Erlich*.  (See

7   Defs.' Br. at 11-13).  Accordingly, Plaintiff's negligence claim should be dismissed.

8   ###     3.      Vanguard Does Not Owe Plaintiff a Fiduciary Duty.

9   Plaintiff's breach of fiduciary duty claim (Claim No. 6) fails because this action is

10  governed by the rules set forth in *Leboce, S.A. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,

11  709 F.2d 605 (9th Cir. 1983).  (Order Granting Def.'s Mot. to Dismiss, Oct. 21, 2009, at 8

12  (following *Leboce* in dismissing Plaintiff's initial Complaint)).  Under *Leboce*, in order for a

13  fiduciary duty to be imposed on an investment manager, the investment manager must have a

14  confidential relationship with his or her client, and the client must have given the investment

15  manager authority to make trades on his or her account.  *Leboce*, 709 F.2d at 607; *see also Apollo*

16  *Capital Fund LLC v. Roth Capital Partners, LLC*, 70 Cal. Rptr. 3d 199, 215 (Cal. Ct. App. 2007)

17  (explaining that a fiduciary duty requires a "confidential relationship" and "control by a person

18  over the property of another").  As shown in Vanguard's opening brief, Plaintiff's Amended

19  Complaint falls short of this standard because she does not allege facts giving rise to a

20  confidential relationship between the Trust and Vanguard.  Nor does she allege that Vanguard

21  was given the authority to make trades in the Trust account without the trustees' approval.  (*See*

22  Defs.' Br. at 13-15).

23  Plaintiff's reliance on *Twomey v. Mitchum Jones & Templeton*, 69 Cal. Rptr. 222 (Cal. Ct.

24  App. 1968), is misplaced.  Unlike the widow in *Twomey*, who ceded complete control over her

25  entire portfolio of stocks and mutual funds to a broker who repeatedly provided careless advice

26  and engaged in "fraudulent" behavior over a significant period of time, *Twomey*, 69 Cal. Rptr. at

27  238-43, Plaintiff's entire fiduciary duty claim rests on one potential "recommendation" that was

28  made on a 2001 conference call that included a co-trustee, Gerald P. Kirkland, who was himself

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION OF
DEFENDANTS TO DISMISS 1ST AMENDED COMPLAINT      - 6 -      CASE NO. C 09-03816 SI

1    an investment adviser.  (*Id.* ¶ 10, Ex. D (Letter from Barnes to Slichter-Jones and Swinden of Jan.

2    4, 2001)).[3]  Plaintiff was free to reject this alleged investment advice based on the advice of her

3    professional investment adviser co-trustee, and her allegations are simply not comparable to the

4    facts that gave rise to a fiduciary duty in *Twomey*.

5                                                    **III.**

6                                              **CONCLUSION**

7           For all of the foregoing reasons and for the reasons set forth in its opening memorandum

8    of points and authorities, Vanguard respectfully requests that this Court grant its Motion to

9    Dismiss and dismiss Plaintiff's Amended Complaint with prejudice.

10   Dated: January 29, 2010.                    Respectfully submitted,

11                                                DRINKER BIDDLE & REATH LLP

12

13                                               By:  /s/ David J. Antczak
                                                     David J. Antczak (*pro hac vice*)
                                                     S. Fey Epling (SBN #190025)
14                                                   Richard E. Coe (*pro hac vice*)

15                                               Attorneys for Defendants
                                                 THE VANGUARD GROUP, INC. and
16                                               VANGUARD MARKETING
                                                 CORPORATION
17

18

19

20

21

22

23

24

25

26   ───────────────────
            [3] Plaintiffs' argument that Mr. Kirkland's experience as an investment adviser should be
     disregarded because he "departed" in 2003 is nonsensical.  Mr. Kirkland was a co-trustee at the
     time of the only investment recommendation alleged in the Amended Complaint, January of
27   2001.  (Opp'n at 3).

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY MEMO OF P&A'S ISO MOTION OF
DEFENDANTS TO DISMISS 1ST AMENDED COMPLAINT          - 7 -                    CASE NO. C 09-03816 SI