IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN DWYER SWINDEN, | No. C 09-03816 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| THE VANGUARD GROUP, INC., et al., | |
| Defendants. | |

Plaintiff Maureen Swinden has filed a motion to remand this action to state court. Defendants Vanguard Group, Inc. and Vanguard Marketing Corporation (collectively, "Vanguard") have filed a motion to dismiss plaintiff's First Amended Complaint ("FAC"). These matters are currently set for hearing on February 12, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

This action arises from the depletion of a trust account held jointly by plaintiff and her sister, Sally Slichter. Plaintiff originally brought suit against Vanguard, the trust's investment management company, for breach of contract, breach of fiduciary duty, "mistake," negligence, and professional negligence, due to Vanguard's having permitted Ms. Slichter to make wire transfer withdrawals from the trust account without plaintiff's consent. By order dated October 21, 2009, the Court granted Vanguard's motion to dismiss the complaint on several grounds, including that plaintiff lacked standing to bring suit on behalf of the trust without her co-trustee Ms. Slichter's consent, that plaintiff's

1 allegations did not establish Vanguard was bound by a contractual duty to ensure that both co-trustees consented to wire transfers, and that plaintiff failed to plead the existence of a fiduciary relationship. Subsequently, plaintiff filed an FAC in which she joined Ms. Slichter as a defendant. The FAC asserts claims against Ms. Slichter for breach of trust, breach of fiduciary duty. The FAC asserts claim against Vanguard for participation of third party in trustee's breach of trust, participation in breach of fiduciary duty, breach of contract, negligent breach of fiduciary duty, and negligence.

Presently before the Court are plaintiff's motion to remand the suit to state court and Vanguard's motion to dismiss the FAC for failure to state a claim.

## DISCUSSION

Plaintiff moves to remand this action back to the Contra Costa County Superior Count on the ground that joinder of Ms. Slichter as a defendant destroyed complete diversity of the parties, divesting this Court of subject matter jurisdiction. *See* 28 U.S.C. § 1332. Defendant opposes remand on the ground plaintiff's joinder of Ms. Slichter without leave of Court was improper and should be denied.

Under 28 U.S.C. § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Section 1447(e) is "couched in permissive terms" and the decision whether to permit or deny joinder of a diversity-destroying defendant is left to the district court's discretion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In deciding whether to permit joinder,

> [T]he district court may consider, among other things, (1) whether the would-be defendants are necessary for just adjudication of the controversy, (2) whether the plaintiff still could bring an action in state court against the putative defendants, (3) whether there has been any unexplained delay in joinder, (4) whether it appears the plaintiff is seeking to destroy diversity, (5) the apparent merit of the claims against the new parties, and (6) whether plaintiff would suffer prejudice without the joinder of the defendants.

*Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006).

With respect to the first consideration, there is no doubt that Ms. Slichter's presence as a defendant is necessary for the just adjudication of this controversy. Plaintiff's claims arise as a result of Ms. Slichter's actions in withdrawing money from the trust account without plaintiff's consent.

2

Moreover, as Vanguard itself recognizes, even if Ms. Slichter is not formally joined as a defendant in this suit, Vanguard would likely still seek indemnity and/or contribution against Ms. Slichter for any judgment in plaintiff's favor. Accordingly, this factor weighs heavily in favor of remand.

In addition, although plaintiff has exhibited some delay in attempting to join Ms. Slichter as a defendant, there is no indication that plaintiff's actions are specifically calculated to destroy diversity. Rather, as plaintiff explains, she attempted to prosecute this action against Vanguard alone because she felt the assertion of claims against Ms. Slichter would be futile. Plaintiff sought to join Ms. Slichter only after this Court explained that the failure to do so constituted a bar to maintaining this suit.

Finally, Vanguard asserts that plaintiff would not be prejudiced by a denial of joinder because plaintiff "is free to pursue [her claims] against Ms. Slichter in California state court." The Court is unwilling to authorize an inefficient use of judicial and party resources. Plaintiff's claims against Vanguard and against Ms. Slichter arise from the very same set of transactions and largely the same alleged legal duties. In the interest of judicial economy, the Court will permit joinder and remand this action so that all of plaintiff's claims may be tried together.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is GRANTED and this action is hereby remanded to the Contra Costa County Superior Court. (Docket No. 28). Vanguard's motion to dismiss is DENIED as moot. (Docket No. 35).

**IT IS SO ORDERED.**

Dated: February 6, 2010

SUSAN ILLSTON
United States District Judge